Scott **RABINOWITZ** et al., Plaintiffs,

v.

. **UNITED STATES of America,**
**Defendant.**

No. 77–1646–Civ–CA.

United States District Court,
S. D. Florida.

Dec. 16, 1977.

Michael R. Fabrikant, Miami, Fla., for plaintiff.

Martin B. Whitaker, U. S. Dept. of Justice, Washington, D. C., for U. S.

MEMORANDUM AND ORDER

ATKINS, Chief Judge.

THIS CAUSE came before the Court for final hearing on plaintiffs' complaint for injunctive relief. The Court has heard the testimony introduced by the parties, reviewed the exhibits and memoranda and is otherwise duly advised.

The plaintiff seeks to restrain the collection of income taxes allegedly due for the tax year 1972 on the joint income of plaintiff Anne Rabinowitz, a/k/a Ann Goodman, and her then husband, Hyman Goodman. On May 11, 1977, the Internal Revenue Service (IRS) served a notice of levy attaching certain bank accounts (certificates of deposit) held by the plaintiff to satisfy a deficiency for said tax period.

The Government contends that the Court lacks jurisdiction to grant the relief sought by virtue of the Anti-Injunctive Act, 26 U.S.C. § 7421(a). The parties are agreed that unless the circumstances of this case bring the plaintiff within the *Enochs* exception to Section 7421(a) the plaintiff is not entitled to the relief sought. *Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). In *Enochs* the Supreme Court held that despite the provisions of Section 7421(a) a

suit for injunctive relief will lie if the following two-pronged test is met:

(1) It is clear that under no circumstances could the Government ultimately prevail on the merits; and

(2) Equity jurisdiction otherwise exists.

The plaintiff takes the position that the Government cannot ultimately prevail on the merits because Anne Rabinowitz never signed a joint return for the year 1972 or, if she did sign such a return, she did so under duress. In support of the second prong of the *Enochs* test, equity jurisdiction, plaintiff alleges that she will suffer irreparable injury in that the interest from the bank accounts are her sole means of support; additionally, premature withdrawal of the certificates of deposit will result in a substantial penalty which will not be recoverable in a suit for refund. The Court finds it unnecessary to reach the issue of equity jurisdiction because, under the most liberal view of the facts and law, it is not clear that the Government cannot ultimately prevail on the merits. In so holding, the Court in no way expresses any view as to the ultimate merits of the plaintiff's claim.

In a proceeding of this nature the District Court is not permitted to weigh the evidence and determine questions of fact which are presented. To the contrary, where the evidence reveals issues of fact and law the District Court has no choice but to dismiss the action. *Lange v. Phinney,* 507 F.2d 1000 (5th Cir. 1975). In the instant case, contradictory testimony was presented on the following issues, *inter alia:* (1) Whether Mrs. Rabinowitz in fact signed the 1972 joint tax return? (2) If so, whether despite such signing there was no intent to file a joint return because plaintiff's signature was procured under duress? The case of *Bauer v. Foley,* 404 F.2d 1215 (2d Cir. 1968), although similar, is distinguishable from the case at bar in an important respect. In *Bauer,* the taxpayer's allegation that her signature on the joint return was placed there through forgery or duress was uncontradicted and fully supported by the testimony of her husband; whereas here, Dr. Goodman refutes the plaintiff's

allegations. As previously stated, it is not the function of the Court at this time to assess the credibility of such testimony. It is, therefore,

ORDERED, ADJUDGED AND DECREED that this cause be and is hereby dismissed for lack of jurisdiction over the subject matter.

DONE AND ORDERED at Miami, Florida, this 16th day of December, 1977.