**Thomas MODZELEWSKI, Plaintiff,**

v.

**Larry DUGAN, I.R.S. Revenue Officer, Defendant.**

**No. 85–8159–CIV.**

United States District Court,
S.D. Florida.

Aug. 27, 1985.

Thomas Modzelewski, pro se.

Steven Kwartin, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for defendant.

## ORDER OF DISMISSAL

KEHOE, District Judge.

THIS MATTER arose before the Court upon Defendant's motion to dismiss the complaint. The Plaintiff has responded in opposition.

The Plaintiff has elected to appear *pro se*. Although the complaint fails to set forth any jurisdictional basis, and is somewhat confusing, it appears that the Plaintiff has brought suit because the Defendant, Internal Revenue Service agent Dugan, filed a notice of Federal Tax Lien against the Plaintiff's real property. According to the Defendant's motion to dismiss, the tax lien was imposed because the Plaintiff failed to timely pay income tax and a penalty imposed by the I.R.S. Apparently, the Plaintiff had filed an I.R.S. form and supporting affidavit for tax year 1981 in which he stated that he was exempt from withholding with respect to federal income taxes pursuant to 26 U.S.C. § 3402(a). The I.R.S. subsequently determined that as a wage earning employee, income taxes should properly be withheld from his salary, and imposed a $500.00 penalty pursuant to 26 U.S.C. 6682 for the filing of a false affidavit. The I.R.S. then sent a demand for payment of the tax and penalty. According to the complaint, Plaintiff did not pay the tax or penalty, but attempted to discuss the matter with agent Dugan by phone and through letters. The I.R.S., through agent Dugan, then filed a notice of Federal Tax Lien against the Plaintiff's property in order to secure payment of the tax and penalty. In his reply to the motion to dismiss, Plaintiff denies that he is liable for the tax or the penalty, and reasserts his position, also stated in the complaint, that it is the responsibility of the I.R.S. to prove his tax and penalty liability before a tax lien is imposed. He also protests that no hearing was held with respect to his tax liability.

The Court has determined that the complaint must be dismissed because it fails to state a claim upon which relief may be granted, and because the court lacks jurisdiction over this action.

First, the Plaintiff has failed to state any facts alleging that agent Dugan acted outside the scope of his employment. The Plaintiff has not alleged that the Defendant acted contrary to the procedures set forth in the Internal Revenue Service statutes and regulations which specifically address eligibility determination for income tax withholding. Furthermore, the Plaintiff has failed to set forth any facts alleging that the Defendant committed a common-law tort against the Plaintiff. Therefore, the Court need not address the question of the agent's possible immunity to such an action, if facts in support of such an action were properly alleged.

Secondly, it appears that the Plaintiff filed this action in an attempt to have his arguments concerning the tax and penalty issues heard by an impartial tribunal. However, this Court has no jurisdiction over this matter at this time. The law is well established that until a taxpayer pays a disputed tax assessment and penalty in full, a suit in United States District Court concerning the penalty is improper, and must be dismissed for lack of jurisdiction. *Flora v. United States*, 362 U.S. 145, 80

S.Ct. 630, 4 L.Ed.2d 623 (1460), affirming 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958). *Group Life and Health Insurance Co. v. U.S.,* 660 F.2d 1042 (5th Cir.1981). As the Ninth Circuit Court of Appeals held in *Thompson v. United States,* 308 F.2d 628, 634 (9th Cir.1962):

> The Internal Revenue Act provides for complete and exclusive relief to taxpayers who feel aggrieved by the rulings of the Commissioner. Thus, it is clear that Congress has provided two, *and only two,* basic procedures by which a taxpayer may challenge the legality of a tax or an assessment: (1) he may decline to pay and, provided the proper steps are taken, he may have a determination of his problem before collection and payment of the tax. 26 U.S.C. § 6213. This is commonly known as the Tax Court route, the decision in which may be reviewed on the record before the Court of Appeals; or (2) the taxpayer may pay the disputed tax and after exhausting the procedures on his claim for refund, he may sue in the United States District Court to recover the taxes paid. 26 U.S.C. § 7422 [Citations omitted and emphasis supplied.]

The Plaintiff has not asserted in his complaint that he has paid the tax and the penalty in full. Neither has the Plaintiff stated that he has exhausted the administrative procedures on a claim for a refund. Therefore, a suit in United States District Court is improper. 26 U.S.C. § 7422(a).

Thirdly, the Anti-Injunction Act, 26 U.S.C. § 7421 et seq. provides that a taxpayer may not initiate a suit for the purpose of restraining the assessment or collection if any tax, unless the taxpayer can demonstrate, first, that under no circumstances can the Government prevail, and second, that the taxpayer will be irreparably harmed if the injunction is not granted. *Kemlon Products and Development Co. v. United States,* 638 F.2d 1315 (5th Cir.1981). So far as this·complaint may be construed as an action to enjoin collection of the penalty assessed against Plaintiff, it is clear that the Plaintiff has failed to allege circumstances such that the Government cannot possibly prevail in this claim. As the Plaintiff may either pursue his remedies through the Tax Court, or pay the tax and penalty and follow the appropriate administrative and judicial procedures for a refund, it is equally clear that he has failed to demonstrate that he will be irreparably harmed by collection of the tax and penalty.

It is therefore

ORDERED AND ADJUDGED that the Plaintiff's complaint is DISMISSED for lack of subject matter jurisdiction, and for failure to state a cause of action with respect to the actions of the Defendant agent Dugan. The Dismissal is without prejudice to the Plaintiff to file an amended complaint.