**INTERCONTINENTAL JET, INC. and Jerry Lee Harvey, Transferee, Plaintiffs,**

v.

**UNITED STATES of America and Revenue Officer Robert Henley, Defendants.**

**No. 88–6390–CIV–ZLOCH.**

United States District Court, S.D. Florida, N.D.

May 27, 1988.

Edward Guttenmacher, Susan Wynne, Miami, Fla., for plaintiffs.

Joy Pritts, U.S. Dept. of Justice, Tax Div., Washington, D.C., for defendants.

## FINAL ORDER OF DISMISSAL

ZLOCH, District Judge.

THIS MATTER is before the Court upon Plaintiffs, Intercontinental Jet, Inc. and Jerry Lee Harvey, Transferee's, Motion For Temporary Restraining Order Without Notice (DE 2). The Court has carefully considered said Motion, has reviewed the court file, heard oral argument by able counsel for the Plaintiffs and the Defendants in a telephonic hearing on May 19, 1988 and held an evidentiary hearing on May 20, 1988.

Plaintiffs, Intercontinental Jet, Inc. and Jerry Lee Harvey, as Transferee, are requesting in their Motion that this Court issue a temporary restraining order pursuant to Fed.R.Civ.P. 65(b) staying the sale on May 20, 1988 of property seized pursuant to Internal Revenue Service's liens. In the Complaint (DE 1), Plaintiffs request injunctive relief in the form of a temporary and permanent restraining order to prevent the Commissioner of the Internal Revenue Service and the United States from selling the subject real property. Since counsel for the United States of America and the Internal Revenue Service received notice of the request for a temporary restraining order, both parties acknowledged on May 19, 1988 that the issue before the Court was whether a preliminary injunction should be issued.

■ This Court is barred by the Anti–Injunction Act, 26 U.S.C. Section 7421 (1988), from restraining the collection of any tax. However, Plaintiffs argue the circumstances here fall within the limited exception to this Act as enumerated in *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). In this case, the Supreme Court found an injunction could be issued against the collection of taxes if under no circumstances could the Government ultimately prevail and if equity jurisdiction otherwise exists. Moreover, equity jurisdiction exists if the taxpayer has no adequate legal remedy and if irreparable injury would result by not issuing the injunction. *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. at 6–7, 82 S.Ct. at 1128–1129.

■ Upon reviewing the evidence in the record, this Court finds the Plaintiffs cannot meet the first part of this standard that under no circumstances could the Government ultimately prevail. This Court heard evidence by Internal Revenue Officer Henley which clarified the subject property was seized pursuant to a tax lien from the year 1986. In 1986, the IRS conducted a termination assessment and this assessment was reviewed by another District Court pursuant to 26 U.S.C. Section 7429 (Case No. 87–6193–CIV–PAINE). On September 24, 1987, that Court determined the termination assessment was reasonable and was unable to find the assessment amount inappropriate. (Exhibit B—DE 1). Plaintiffs dispute the amount of the liability owed because they contest the valuation of the basis of the asset. However, this Court is not permitted to weigh the evidence and determine questions of fact. This Court is instructed where issues of fact are raised, the Court has no choice but to dismiss the action. *Lange v. Phinney*, 507 F.2d 1000, 1005 (5th Cir.1975) and *Rabinowitz v. United States of America*, 442 F.Supp. 820, 821 (S.D.Fla.1977). For these reasons, this Court finds Plaintiffs have

failed to show that under no circumstances could the Government ultimately prevail. Since either part of this test is conclusive (*Bowen v. United States of America*, 331 F.2d 149, 150 (5th Cir.1964)), this Court finds it lacks the jurisdiction to issue an injunction against the sale of the subject property.

Additionally, Plaintiffs allege jurisdiction in the Complaint under 26 U.S.C. Section 7429(b) (1988). This Court notes that section is limited solely to the judicial review of a jeopardy or termination assessment. Internal Revenue Officer Henley has stated the subject property was seized pursuant to the tax liability from 1986. The Internal Revenue Service conducted a termination assessment in 1986; Plaintiffs petitioned the District Court for a judicial review of that assessment (Case No. 87–6193–CIV–PAINE), and a Final Judgment was entered (Exhibit B—DE 1). The record contains no indication that the Internal Revenue Service conducted a jeopardy assessment for the year in question. Therefore, this Court does not have jurisdiction to order any relief based on 26 U.S.C. Section 7429.

Accordingly, it is

ORDERED AND ADJUDGED as follows:

1. Plaintiffs, Intercontinental Jet, Inc. and Jerry Lee Harvey, Transferee's, Motion For Temporary Restraining Order Without Notice (DE 2) be and the same is hereby DENIED; and

2. The above-styled cause be and the same is hereby DISMISSED, without prejudice, for lack of jurisdiction.