**John B. MATHES, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 89–3050.

United States Court of Appeals, Eleventh Circuit.

May 22, 1990.

Gary N. Strohauer, Alan K. Smith, Strohauer & Brown, P.A., Clearwater, Fla., for plaintiff-appellant.

William R. Sawyer, Gary R. Allen, Chief, Appellate Section, Stuart E. Horwich, Shirley D. Peterson, Charles E. Brookhart and Kevin Brown, U.S. Dept. of Justice, Tax Div., Washington, D.C., for defendant-appellee.

Before KRAVITCH and CLARK, Circuit Judges, and ATKINS *, Senior District Judge.

ATKINS, Senior District Judge:

This is an appeal from the district court's dismissal of the taxpayer's Complaint to enjoin the collection of federal income tax-

* Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sit-       ting by designation.

es. We affirm the district court's dismissal and denial of injunctive relief based on lack of jurisdiction. The district court was precluded from exercising equitable jurisdiction because the taxpayer failed to avail himself of his adequate legal remedy; the taxpayer could have timely applied to the Tax Court for a redetermination of the alleged tax deficiencies. In reaching this result, we set aside the finding in Conclusion of Law No. 17 of the district court's memorandum opinion dated December 21, 1988. The district court should not have reached the issue of whether the tax assessment was valid and enforceable. Therefore, this case is affirmed as modified in this opinion.

## I. PROCEDURAL HISTORY AND FACTS

### A. *Procedural History*

On November 27, 1985, John B. Mathes, taxpayer herein, filed a Complaint against the United States in the United States District Court for the Middle District of Florida. Taxpayer sought a preliminary and permanent injunction to restrain the assessment and collection of federal income taxes for the year 1977 and to invalidate a tax lien against him. The taxpayer alleged in the complaint that the secret grand jury testimony was obtained by the Internal Revenue Service without the requisite state court disclosure order and in violation of grand jury secrecy requirements.

On March 17, 1986, the United States filed a Motion to Dismiss, which was denied on May 21, 1986. The United States followed by filing its Answer which set forth as an affirmative defense an absence of subject matter jurisdiction. On February 5, 1987, the United States filed a second Motion to Dismiss, which was denied on April 13, 1987.[1] After a one day trial on October 3, 1988, the district court on December 21, 1988, entered a memorandum opinion which denied the taxpayer's request for injunctive relief and dismissed

the complaint. Taxpayer filed a timely notice of appeal on January 19, 1989.

### B. *Facts*

Sometime prior to July 20, 1978, the taxpayer was subpoenaed to testify before the Florida Grand Jury. Although the taxpayer was granted immunity, he refused to testify in front of the grand jury. Thereafter, the taxpayer was incarcerated for civil contempt for his failure to testify. On July 20, 1978, outside the presence of the grand jury, the taxpayer gave a sworn question and answer statement to an Assistant State Attorney, who was designated as the legal advisor to the grand jury. This sworn statement was later transcribed and an agent for the Internal Revenue Service testified at the trial that he received a copy of the sworn statement and was aware that the statement was taken outside the presence of the grand jury. The taxpayer admitted in the statement that he received $230,000 in 1977 from the sale of large quantities of marijuana. The taxpayer did not file a tax return for the year 1977.

On October 2, 1981, the Commissioner of Internal Revenue issued a notice of deficiency to the taxpayer asserting that the taxpayer owed federal income taxes plus additions to the tax for fraud for the year 1977. In calculating the taxpayer's deficiencies the Internal Revenue included in the taxpayer's income the $230,000 derived from the drug sale income. Apparently, the Internal Revenue had no independent basis for asserting that the taxpayer received the $230,000 worth of income. On January 6, 1982, over 90 days from the issuance of the notice of deficiency, the taxpayer filed a petition with the Tax Court for a redeterminaed of his alleged deficiencies for the 1977 tax year. The Tax Court dismissed the petition for redetermination on March 8, 1982 due to untimely filing.

The taxpayer brought this injunction suit on November 27, 1985. On October 3, 1988

---

1. Both Motions to Dismiss alleged that the district court lacked jurisdiction to hear the matter.

the district court had a one-day trial on this matter. On December 21, 1988, the district court entered an Order dismissing the complaint and denying the taxpayer's request for injunctive relief. This appeal followed.

## II. DISCUSSION

The question of jurisdiction to enjoin tax assessments and collections is expressly covered by 26 U.S.C. § 7421(a), the Anti–Injunction Act, which provides that "no suit for the purpose of restraining the assessment or collection of· any tax shall be maintained in any court by any person ..." Section 7421(a) expressly allows the following exceptions: petitions to the Tax Court for a redetermination of a deficiency pursuant to 26 U.S.C. §§ 6212(a) and (c), 6213(a) and civil actions in the district court pursuant to 26 U.S.C. § 7426(a) and (b)(1).[2]

■ Courts have recognized that, aside from the express statutory exceptions of this statute, federal courts may enjoin the collection of taxes if it can be shown that (1) under no circumstances could the government ultimately prevail on its tax claim and (2) equity jurisdiction otherwise exists; either ground being conclusive. *Enochs v. Williams Packing Company*, 370 U.S. 1, 6–7, 82 S.Ct. 1125, 1128–1129, 8 L.Ed.2d 292 (1962); *Bowen v. United States*, 331 F.2d 149, 150 (5th Cir.1964) (per curiam); *see also Intercontinental Jet, Inc. and Jerry Lee Harvey v. United States of America*, 690 F.Supp. 1012 (S.D. Fla.1988). Therefore, the general rule is that, except in very rare and compelling circumstances, federal courts will not entertain actions to enjoin the collection of taxes.

■ This case does not present one of those rare and compelling circumstances barring application of the Anti–Injunction Act. Our conclusion is based solely on the taxpayer's failure to meet the traditional equity test of having no adequate remedy of law. Accordingly, it has been held that a suit for injunction could not be maintained when the taxpayer fails to file a timely petition with the Tax Court for

preassessment relief. *Laino v. United States of America*, 633 F.2d 626, 630 (2d Cir.1980) (citing *Bowen v. United States*, 331 F.2d 149, 150 (5th Cir.1964) (per curiam)).

Equitable jurisdiction is not present because the taxpayer had an adequate remedy of law available to him in that under 26 U.S.C. § 6213 a taxpayer can petition the Tax Court for a redetermination of the deficiency. The taxpayer in this case did file for a redetermination of his tax deficiency, however, his petition for redetermination was untimely and denied by the Tax Court for that reason. Therefore the prerequisite equitable jurisdiction necessary to overcome the barrier of the Anti–Injunction Act is not present. *Bowen v. United States*, 331 F.2d at 150; *Laino v. United States of America*, 633 F.2d 626 (2d Cir. 1980).

■ We do not reach the issue of whether the tax assessment for the year 1977, pertaining to the taxpayer's income received from an illegal source, is valid and enforceable. The district court should not have reached that issue and we therefore set aside the finding in Conclusion of Law No. 17 of the district court's memorandum opinion. We also modify the district court's opinion to the effect that the taxpayer will not be prejudiced from presenting the issue of suppression of the alleged "tainted evidence" as a defense in future litigation with the government. We reach our result solely on jurisdictional grounds and we do not address any of the underlying merits of the claim.

## III. CONCLUSION

Based on the foregoing, we find that the district court's denial of injunctive relief should be affirmed solely on the basis of lack of jurisdiction. The taxpayer failed to avail himself of his adequate legal remedies and the district court was precluded from exercising equitable jurisdiction. We AFFIRM the district court's denial of injunctive relief, and dismissal of this action

---

**2.** The taxpayer has not asserted that any of    these express statutory exceptions apply.

with prejudice. We REMAND for vacating the finding in Conclusion of Law No. 17.