**Paul BILZERIAN, and Terri L. Steffen, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

No. 94–942–CIV–T–17E.

United States District Court,
M.D. Florida,
Tampa Division.

April 3, 1995.

B. Gray Gibbs, Gibbs & Runyan, P.A., St. Petersburg, FL, for plaintiffs.

James B. Thompson, Jr., U.S. Dept. of Justice, Tax Div., Washington, DC, for defendant.

*ORDER*

KOVACHEVICH, District Judge.

This cause comes before the Court for consideration of the following motions and responses:

1. Plaintiff Terri L. Steffen's Motion for Reconsideration of Order on Defendant United States' Motion for Judgment on the Pleadings. (Dkt. No. 27).

2. Opposition of Defendant United States to Plaintiff Steffen's Motion for Reconsideration. (Dkt. No. 28).

3. Plaintiffs' Motion for Partial Summary Judgment and Memorandum in Support. (Dkt. Nos. 13, 14).

4. Defendant United States Opposition to Plaintiffs' Motion for Partial Summary Judgment. (Dkt. No. 18).

## FACTS

The following facts are pertinent to this Court's consideration of the pending motions:

1. Plaintiffs timely filed their joint U.S. Individual Tax return (Form 1040) for the year ending December 31, 1985. (Dkt. Nos. 1, 4).

2. On or about October 13, 1989, the District Director of the Internal Revenue Service (hereafter "IRS") sent Plaintiffs a Notice of Deficiency, informing Plaintiffs that the IRS proposed to assess additional income tax liabilities against Plaintiffs for the tax year 1985. (Dkt. Nos. 1, 4).

3. This proposed additional assessment was for the following amounts: 1. fifty-nine thousand three hundred ninety-two and 00/100 dollars ($59,392.00), together with fraud penalties, under 26 U.S.C. § 6653(b)(1), of twenty-nine thousand six hundred ninety-six and 00/100 dollars ($29,696.00); 2. fraud penalties, under 26 U.S.C. § 6653(b)(2), in the amount of fifty percent (50%) of the interest due on fifty-nine thousand three hundred ninety-two and 00/100 dollars ($59,392.00); 3. substantial understatement penalties, under 26 U.S.C. § 6661, in the amount of fourteen thousand eight hundred forty-eight and 00/100 dollars ($14,848.00). (Dkt. Nos. 1, 4).

4. The ninety (90) day period for Plaintiffs to file a petition in the Tax Court expired without a petition being filed. (Dkt. Nos 1, 4).

5. On February 26, 1990, Plaintiffs were assessed additional taxes, penalties, and interest and given notice and demand for payment. The assessment totaled $156,755.82. This amount reflected the deficiency determined from the tax year 1985. These assessments were: deficiency taxes of $59,392.00, interest of $36,054.00, substantial understatement penalty of $14,848.00, and a fraud penalty of $44,117.65. (Dkt. Nos. 1, 4).

6. Plaintiffs paid one hundred sixty thousand seven hundred twenty-nine and 44/100 dollars ($160,729.44) to the IRS on or about May 25, 1990. This amount satisfied, in full, all of the deficiencies assessed against Plaintiffs by the Commissioner of the IRS for the tax period ending December 31, 1985. (Dkt. Nos. 1, 4).

7. Subsequently, Plaintiffs filed an amended joint U.S. Individual Tax Return (Form 1040X) with the District Director of the Internal Revenue, Jacksonville, Florida on July 27, 1990. On this amended return, Plaintiffs claimed a tax refund due to Plaintiffs for the tax period ending December 31, 1985. This refund claim was for the amount of fifty-nine thousand three hundred ninety-two and 00/100 dollars ($59,392.00). (Dkt. Nos. 1, 4).

8. Plaintiffs additionally filed a claim for refund (Form 843) with the District Director in Jacksonville, Florida in the amount of one hundred thousand three hundred thirty-seven and 44/100 dollars ($100,337.44). This claim for refund represented the fraud penalty, substantial understatement penalty, statutory interest, and additional interest assessed against Plaintiffs in the Notice of Deficiency, which was subsequently paid by Plaintiffs. (Dkt. Nos. 1, 4).

9. On April 15, 1991, the IRS refunded one hundred twenty-five thousand five hundred forty-five and 35/100 dollars ($125,545.35) to Plaintiffs. (Dkt. Nos. 1, 4).

10. The IRS filed an action for erroneous refund against Plaintiffs on January 28, 1993. This action was still pending at the time of the filing of this motion and the Court has not received notice that it has been resolved. (Dkt. Nos. 1, 4).

11. Subsequently, on April 4, 1994, a Notice of Federal Tax Lien, in the amount of $125,545.35 was filed with the Crow Wing

County Recorder, Brainerd, Minnesota against property, which is solely directed against Plaintiff Terri L. Steffen. (Dkt. Nos. 1, 4).

12. In response, on May 10, 1994 and May 24, 1994, Plaintiffs requested that the IRS release the lien under 26 U.S.C. § 6325. The IRS has not released this lien. (Dkt. No. 12).

13. The IRS has not issued a Notice of Deficiency against Plaintiffs regarding the 1985 tax year other than the Notice of Deficiency issued by the IRS on October 13, 1989. (Dkt. Nos. 1, 4).

14. On June 13, 1994, Plaintiffs filed a complaint in the instant case which alleged two (2) counts. Plaintiffs claimed in Count I, that Plaintiffs are entitled to damages under 26 U.S.C. § 7432. In addition, in Count II, Plaintiffs prayed that this Court enter both preliminary and permanent injunctions against Defendant which would direct Defendant to release the tax lien filed by Defendant against Plaintiff Steffen. (Dkt. No. 1). Defendant answered Plaintiffs' Complaint in a timely manner. (Dkt. No. 40).

15. Subsequently, Defendant filed a Motion for Judgment on the Pleadings solely with respect to the claims of Plaintiff Bilzerian. (Dkt. No. 10). Plaintiff Bilzerian responded to this motion. (Dkt. No. 11).

16. This Court, in its "Order on Defendant United States' Motion for Judgment on the Pleadings," granted Defendant's Motion for Judgment on the Pleadings, in so far as Plaintiff Bilzerian was dismissed for lack of standing and Count II of Plaintiffs' Complaint was dismissed for lack of jurisdiction. Pursuant to this Order, only Plaintiff Steffen remains before the Court proceeding in Count I. (Dkt. No. 26).

17. Plaintiff Steffen has filed a Motion for Reconsideration of Order on Defendant United States' Motion for Judgment on the Pleadings. (Dkt. No. 27). Specifically, Plaintiff Steffen requests that the Court reconsider and alter or amend the Court's judgment in which it dismissed Count II of Plaintiffs' Complaint for lack of jurisdiction. Defendant has submitted an opposition to this motion. (Dkt. No. 28).

18. In addition, Plaintiffs have filed a motion for Partial Summary Judgment. (Dkt. No. 13). Defendant has responded to this motion. (Dkt. No. 18).

## DISCUSSION

### I. *MOTION FOR RECONSIDERATION*

▮ Plaintiff Steffen asserts that this Court should enjoin Defendant from collecting the liability which the IRS has claimed against Plaintiff because Defendant illegally assessed this liability. Specifically, Plaintiff Steffen contends that the Government is required to win the erroneous refund suit pending before the Tax Court before it may assess the tax liability against Plaintiff. (Dkt. No. 27). Plaintiff has not presented any legal support for this proposition to the Court. Furthermore, the Court, after thorough research of this issue, has not found any support for Plaintiff's contention. Accordingly, for the reasons stated below, the Court denies Plaintiff Steffen's Motion for Reconsideration (Dkt. No. 27).

▮ The Court's jurisdiction over Plaintiff's claim in Count II of the Complaint is precluded by the Anti–Injunction Act, 26 U.S.C. § 7421. In general, federal courts will not entertain actions to enjoin the collection of taxes, except in very rare and compelling circumstances. *Mathes v. United States,* 901 F.2d 1031, 1033 (11th Cir.1990). Equitable jurisdiction is a prerequisite to overcome the Anti–Injunction Act. *Enochs v. Williams Packing Co.,* 370 U.S. 1, 6, 82 S.Ct. 1125, 1128–29, 8 L.Ed.2d 292 (1962); *Mathes,* 901 F.2d at 1033. The taxpayer must satisfy the traditional test in equity of having no adequate remedy at law. *Enochs,* 370 U.S. at 6, 82 S.Ct. at 1128–29; *Mathes,* 901 F.2d at 1033. The Court in *Enochs,* emphasized the requirement of establishing irreparable harm and the inadequacy of a remedy at law before the Anti–Injunction Act could be considered inapplicable. *Enochs,* 370 U.S. at 6, 82 S.Ct. at 1128–29.

▮ An injury is considered irreparable only if that injury cannot be fixed through monetary remedies. *Northeastern Fla. Chap. v. Jacksonville, Fla.,* 896 F.2d 1283,

**574**

1285 (11th Cir.1990). Mere injuries, however substantial, in terms of money, are not enough. *Northeastern*, 896 F.2d at 1285.

Plaintiff Steffen has not demonstrated to the Court that she is irreparably harmed nor that she lacks an adequate remedy at law. In fact, it is apparent to the Court, from the facts in this case, that Plaintiff has an adequate remedy at law available under 26 U.S.C. § 7432, which Plaintiff has asserted in Count I of the Complaint and is therefore not irreparably harmed.

Plaintiff Steffen informs the Court that she has not had the opportunity to thoroughly research the issue presented to the Court by Plaintiff in this motion. In addition, Plaintiff requests that the Court grant Plaintiff the opportunity to orally argue or submit supplemental briefs on this issue. The Court denies this request. Rule 59(e) of the Federal Rules of Civil Procedure states that "[a] motion to alter or amend [a] judgment shall be served not later than ten (10) days after entry of the judgment." Fed.R.Civ.P. 59(e). Plaintiff should have filed any support for Plaintiff's motion during this ten (10) day period. Additionally, these issues were raised in the motion for judgment on the pleadings and is not a new issue on the motion for reconsideration. The parties have sufficient time to address and research the issues.

## II. *PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT*

Plaintiff Steffen, in this motion for partial summary judgment, has requested only injunctive relief. Plaintiff, however, has failed to demonstrate to the Court that Plaintiff has suffered irreparable harm and that Plaintiff lacks an adequate remedy at law. In addition, as this Court has previously determined, this Court's jurisdiction over Plaintiff's claim for injunctive relief is precluded by the Anti–Injunction Act. This Court, therefore, denies Plaintiff's Motion for Partial Summary Judgment. Accordingly, it is

**ORDERED** that Plaintiff's Motion for Reconsideration of Order on Defendant United States' Motion for Judgment on the Pleadings (Dkt. No. 27) be **denied** and that Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 13) be **denied.**

**DONE and ORDERED.**