**Jane WOODS, Plaintiff,**

v.

**COMMISSIONER, INTERNAL REVENUE SERVICE, Defendant.**

**No. 97–2716–Civ–T–17A.**

United States District Court, M.D. Florida, Tampa Division.

June 12, 1998.

Jane Woods, Seminole, FL, pro se.

***ORDER ON DEFENDANT'S MOTION TO SUBSTITUTE PARTY AND TO DISMISS***

KOVACHEVICH, Chief Judge.

This cause is before the Court pursuant to Defendant's Motion to Substitute Party and Motion to Dismiss (for want of subject matter jurisdiction and failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6)) (Docket Nos. 8, 9) in response to Plaintiff's Petition for Permanent Injunction (Docket No. 1). Plaintiff, a *pro se* litigant, has also filed a document titled "Motion to Sustain Petition and Reply to Defense" (Docket No. 10) in response to Defendant's reply.

*STANDARDS*

This Court must read the plaintiff's *pro se* allegations in a liberal fashion. *See Haines v. Kerner,* 404 U.S. 519, 521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972). The Plaintiff's complaint shall not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of this claim that would entitle her to relief. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In reviewing a motion to dismiss, the Court is required to view that complaint in the light most favorable to the Plaintiff and accept all allegations as true. *See Colodny v. Iverson, Yoakum, Papiano & Hatch,* 838 F.Supp. 572, 573 (M.D.Fla.1993) (*citing Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). Such a standard is not an absolute bar to the dismissal of Plaintiff's action, however, when the Plaintiff's complaint is confusing and essentially fails to state a claim upon which relief can be granted. *See Modzelewski v. Dugan,* 627 F.Supp. 141, 142 (M.D.Fla.1985). Further, when a taxpayer initiates a lawsuit in a District Court seeking to restrain the assessment of any tax, the burden shifts to her,

requiring her to prove "first, that under no circumstances can the Government prevail, and second, that the taxpayer will be irreparably harmed if the injunction is not granted." *Id.* at 143 (*citing Kemlon Products and Dev. Co. v. United States,* 638 F.2d 1315 (5th Cir.1981)).

*POSTURE OF THE CASE*

The Plaintiff filed this action on November 7, 1997, and has elected to appear *pro se.* In addressing a motion to dismiss, the "facts" are limited to those facts pled in the cause of action, which in this case appear in Plaintiff's "Petition for Permanent Injunction and Order to Amend Record and Award Damages Against the Internal Revenue Service" (Docket No. 1). The relevant facts may be summarized as follows:

By letter dated June 28, 1993, Defendant Internal Revenue Service (hereinafter "IRS") requested information to compile Plaintiff Woods's tax return for the year 1991. Plaintiff admittedly failed to file a tax return for that year, asserting that pursuant to Title 26 of the Code of Federal Regulations § 601.602, compliance with IRS taxation methods is completely voluntary. Further, this communication sent to the Plaintiff failed to bear a control number issued by the Office of Management and Budget (hereinafter "OMB") as is required by the Paperwork Reduction Act of 1980 and 26 C.F.R. § 602.101.

On March 3, 1994, the IRS sent Plaintiff a Notice of Deficiency, informing the Plaintiff that, according to the IRS's calculation of her taxes,[1] Plaintiff owed in excess of $7,000.00 for the year 1991. Plaintiff contends that the notice of deficiency is erroneous because she never filed a return for which she may be held deficient. She challenges the right of the IRS to assess a deficiency before she was provided with requested information.[2] In particular, Plaintiff claims support under 44 U.S.C. § 3512, which states that no person shall be punished for failing to respond to a information request by the IRS if the request is not emblazoned with an OMB control number.

On December 18, 1996, the IRS sent Plaintiff a Notice of an Intent to Levy. Again, the communication contained no OMB control number. Plaintiff maintains that the lack of OMB control number is tantamount to the IRS acting without authority; therefore, she asserts that the resulting Notice of Intent to Levy is invalid, further invalidating said "deficiency" against her. By December 24, 1996, the IRS filed a Tax Lien against the Plaintiff. Plaintiff challenges the lien for the above stated reasons, and requests civil remedies from this Court as specified by Title 5 U.S.C. § 552a(g)(1)(A).[3]

*DISCUSSION*

Defendant argues that Plaintiff's action is barred by the Anti–Injunction Act, 26 U.S.C. § 7421, which states, "no suit for the purpose of restraining the assessment and collection of any tax shall be maintained in any court by any person ..." As this argument challenges the very jurisdiction of this court, it shall be initially addressed.

■ The Anti–Injunction Act precludes district courts from exercising jurisdiction of behalf of a taxpayer seeking relief *unless the taxpayer has availed herself of the available remedies at law. See Mathes v. U.S.,* 901 F.2d 1031, 1031 (11th Cir.1990).[4] In *Mathes,* a taxpayer sought relief from federal income tax assessment and a lien against his property. *See Id.* at 1032. The taxpayer had failed

1. Title 26 U.S.C. § 6020(b)(1) states, "If any person fails to make any return required by any internal revenue law or regulation made thereunder at the time prescribed therefor ... the Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony and otherwise." 26 U.S.C. § 6020 (1989).

2. Plaintiff requested the IRS to provide her with the *legal authority* (in the form of statute) permitting Defendant to exact taxation information from a United States citizen.

3. Plaintiff contends that § 552a provides remedies to any private citizen upon any government agency's refusal to *amend his/her record* with them when such refusal to amend results in harm to her: "[T]he individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection ... the court may order the agency to amend the individual's record." 5 U.S.C. § 552a(g)(1)(D)–(2)(A) (1989).

4. *Mathes* originated in this Court and was affirmed by the Eleventh Circuit.

to petition the Tax Court for a reassessment, choosing instead to file directly with the district court for a permanent injunction to invalidate the lien. *See Id.* The court defined "equitable jurisdiction" as existing only where the taxpayer had *no other available remedy at law. See Id.* at 1033. In finding that the taxpayer had not petitioned for a redetermination by the Tax Court, the court found that it did not possess equitable jurisdiction to hear the case, as the taxpayer had not fully availed himself of the other available remedy at law. *See Id.*

Plaintiff maintains that this Court has jurisdiction based on fraud inherent in the IRS's request. To support this claim, she relies on 26 C.F.R. § 602.101 (part of the Paperwork Reduction Act) which states that any request for information issued by the IRS to a taxpayer must be accompanied by an Office of Management and Budget (hereinafter "OMB") control number. *See* 26 C.F.R. § 602.101(a) (1998). Based on this requirement, she asserts that the IRS's failure to issue a control number on its request for her tax information releases her from any penalty that could result from her lack of compliance.[5] This argument has been squarely rejected, however, in the context asserted by the Plaintiff. *See U.S. v. Stoecklin,* 848 F.Supp. 1521, 1521 (M.D.Fla.1994). In *Stoecklin,* the Middle District of Florida held that the absence of such an OMB control number was not a "serious violation" of the Paperwork Reduction Act, and therefore did not allow the plaintiff (categorized as a "tax protestor") to ignore the IRS's summons and request for information. *See Id.* Thus, despite Plaintiff's protests to the contrary, the absence of an OMB control number on the IRS's request for tax information is not tantamount to an illegal action taken by the IRS.[6]

To maintain this Court's jurisdiction in equity, Plaintiff must be precluded from any other remedy at law. She argues this by challenging the jurisdiction of her only other remedy—the Tax Court—as the Tax Court reserves the right to hear only *deficiency* cases brought by taxpayers challenging the IRS's determinations. Plaintiff takes issue with the definition of *deficiency,* asserting that because she didn't file a return, she can't be found *deficient* on one. The Tax Court itself, however, has ruled this a flawed argument. *See Hartman v. Commissioner of Internal Revenue,* 65 T.C. 542, 542, 1975 WL 3038 (1975). In *Hartman,* the court noted that *despite* the taxpayer's failure to file a tax return, the taxpayer's motion to dismiss the deficiency would be denied.[7] *See Id.*

Plaintiff also asserts her right to be heard by this Court primarily through 26 C.F.R. § 601.602(a), which Plaintiff claims states the *purpose* of the tax system,[8] and through *Flora v. U.S.,* 362 U.S. 145, 175, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960), from which she pulls the language, "taxation is based upon voluntary assessment and payment, not upon distraint." However, Plaintiff fails to note further language in the opinion which belies this proposition; primarily the notation by the Court that "a decision in petitioner's [taxpayer's] favor could be expected to throw a great portion of the Tax Court Litigation into the District Courts." *Flora,* 362 U.S. at 175, 80 S.Ct. 630. The Court went on to illustrate the negative consequences of such a finding. *See Id.*

5. Plaintiff cites 44 U.S.C. § 3512(a)(1) (1998), which states in pertinent part, "no person shall be subject to any penalty for failing to comply with a collection of information [ ] if—the collection of information does not display a valid control number ..."

6. Plaintiff also cites 5 C.F.R. § 1320.12(h)(2) (1998), claiming that the absence of such a control number should alert the public that the request for information is suspect and possibly illegal. As stated in *Stoecklin, supra,* however, this does not give a taxpayer the right to ignore the request altogether, nor does it give the taxpayer relief from any penalty resulting from such noncompliance.

7. Specifically, the court noted that a taxpayer's attempt to dismiss a deficiency through a narrow definition of the word *"deficiency"* would NOT preclude the IRS from making such a determination via 26 U.S.C. § 6211(a). *See Hartman,* 65 T.C. at 542.

8. Plaintiff stresses the language which states, "[t]he tax system is based on voluntary compliance, and the taxpayers complete and return the forms with payment of any tax owed." 26 C.F.R. § 601.602(a) (1998).

The Eleventh Circuit has maintained the pervasiveness of the Anti–Injunction Act even when the plaintiff is a *pro se* litigant. *See Woods v. Internal Revenue Service,* 3 F.3d 403 (11th Cir.1993). In *Woods,* the *pro se* plaintiff failed to file a tax return, and thereafter sued in district court to invalidate the imposition of a deficiency. *See id.* at 404. The court set forth two possible remedies for the plaintiff, noting that the only *alternative* to the Tax Court route was "to pay the disputed tax, and *then* file suit for a refund." *Id. (citing Bilbo v. United States,* 633 F.2d 1137, 1140 (5th Cir.1981) (*emphasis added* )).

As this Court has no jurisdiction to hear the claims asserted by Plaintiff, all other issues related to Defendant's Motion to Substitute Party have been rendered moot.

Plaintiff Woods has failed to prove that she has no other adequate remedy at law. In keeping with the Anti–Injunction Act, this Court may not entertain her claim unless she is either *precluded* from action via Tax Court, *or* she has paid said deficiency, and is suing in this Court for a refund of the same. Accordingly, it is

**ORDERED** that the Defendant's Motion to Dismiss (Docket No. 9) be **GRANTED** and this cause of action be **DISMISSED** for lack of jurisdiction.