[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16516
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cv-00553-JES-DNF

MICHAEL EDWARD BUFKIN,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 14, 2013)

Before DUBINA, Chief Judge, TJOFLAT and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Michael Edward Bufkin appeals *pro se* the district court's

dismissal for lack of jurisdiction of his suit seeking injunctive and declaratory relief regarding federal income taxes.[1]  He argues, *inter alia*, that: (i) paying taxes is voluntary; (ii) he was not a fiduciary of the United States; (iii) the government's taxation activities are commercial rather than governmental; and (iv) the government's immunity arguments are illogical.

We review a district court's determination that it is without subject-matter jurisdiction *de novo*.  *Barnett v. Bailey*, 956 F.2d 1036, 1039 (11th Cir. 1992).  Dismissal of a complaint with prejudice is reviewed for abuse of discretion.  *Gray v. Fidelity Acceptance Corp.,* 634 F.2d 226, 227 (11th Cir. 1981).  Dismissal for failure to state a claim is reviewed *de novo*.  *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006).  We liberally construe *pro se* pleadings.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

Under Fed.R.Civ.P. 12(b)(1), a district court is authorized to dismiss a suit if subject-matter jurisdiction is not present.  Fed.R.Civ.P. 12(b)(1).  Similarly, Fed.R.Civ.P. 12(b)(6) permits dismissal of a suit for failure to state a claim upon which relief may be granted.  Fed.R.Civ.P. 12(b)(6).

From a jurisdictional standpoint, it is proper to remove a state court action to federal court if it is directed at a federal agency.  *See* 28 U.S.C. § 1442.  We have

---

[1] Although an appeal from a final judgment brings for review all preceding non-dispositive orders, Bufkin's brief cannot be construed to assert arguments concerning any of the district court's non-dispositive orders.  *See Kirkland v. Nat'l Mortg. Network, Inc.*, 884 F.2d 1367, 1369-70 (11th Cir. 1989).  Therefore, he has abandoned any such challenges on appeal.  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

held that removing an action to federal court may not waive sovereign immunity or equitably estop a sovereign from asserting lack of subject-matter jurisdiction as a defense. *Contour Spa at the Hard Rock, Inc. v. Seminole Tribe of Florida*, 692 F.3d 1200, 1201, 1203, 1208 (11th Cir. 2012) (involving an Indian tribe), *cert. denied*, 1335 S. Ct. 893 (2013). In affirming the district court's judgment in *Hard Rock*, we approved the district court's remand of the remaining state law claims—which apparently involved only individuals and non-tribal defendants—back to state court. *See id.* at 1212. Here, however, Bufkin's suit named *only* the United States as a defendant, so even if the district court had remanded the state law components of his complaint to state court, sovereign immunity would have dictated dismissal.

"The United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586, 61 S. Ct. 767, 769-770, 85 L. Ed. 1058 (1941); *see also Gregory v. Mitchell,* 634 F.2d 199, 203 (5th Cir. 1981) ("[a]bsent a waiver of immunity the United States is immune from suit in tort"). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *United States v. King*, 395 U.S. 1, 4, 89 S. Ct. 1501, 1503, 23 L. Ed. 2d 52 (1969).

Several statutes, and the doctrine of sovereign immunity, define the limited terms of the United States' narrow consent to be sued regarding federal tax issues.

3

*Sherwood*, 312 U.S. at 586, 61 S. Ct. at 769-70.  Taxpayers may sue employees of the IRS or the United States in district court when challenging certain *procedures of tax collection.  See* 26 U.S.C. § 7433(a) (wrongful collection activities); 26 U.S.C. § 7432(a) (authorizing suit against the United States in district court where an employee of the IRS fails to release a lien on property of the taxpayer); 28 U.S.C. § 2410 (taxpayer may challenge the procedural validity of a federal tax lien, but "*cannot . . . challenge the merits of the underlying assessment*") (emphasis added); *Stoecklin v. United States,* 943 F.2d 42, 43 (11th Cir. 1991).  Otherwise, the Tax Court has jurisdiction over challenges to an IRS determination of income *tax liability.  See* 26 U.S.C. §§ 6212(a), 6213(a), 7442; *Redeker-Barry v. United States,* 476 F.3d 1189, 1190 (11th Cir. 2007).  Section 7442 requires that a taxpayer first seek a refund or a credit from the IRS before filing a tax refund lawsuit.  *See* 26 U.S.C. § 7422(a).

Neither state law, nor other federal laws, change this result.  Although Bufkin originally brought suit in Florida state court, he would not have been entitled to relief under Florida law because federal law, as discussed *infra*, cloaks the government in sovereign immunity as to this action, and the Supremacy Clause in the U.S. Constitution establishes that federal law trumps state law.  *Arizona v. United States*, 567 U.S. __, __, 132 S. Ct. 2492, 2500, 183 L. Ed. 2d 351 (2012) (quoting U.S. Const. art. VI, cl.2) ("The Supremacy Clause provides a clear rule

4

that federal law 'shall be the supreme Law of the Land.'").

The Anti-Injunction Act, in turn, provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a). In addition to the two express exceptions found in the Act—which are not applicable here—courts have recognized two other situations where federal courts may enjoin the collection of taxes notwithstanding the Act: if it can be shown that (1) under no circumstances could the government ultimately prevail on its tax claim, and (2) equity jurisdiction otherwise exists due to a threat of irreparable harm without an adequate legal remedy, either ground being conclusive. *Mathes v. United States,* 901 F.2d 1031, 1033 (11th Cir. 1990).

The Declaratory Judgment Act, codified at 28 U.S.C. § 2201, generally authorizes district courts to issue declaratory judgments as a remedy, but removes federal tax matters from its ambit. *See Raulerson v. United States*, 786 F.2d 1090, 1093 n.7 (11th Cir. 1986). We have noted that "the federal tax exception to the Declaratory Judgment Act is at least as broad as the prohibition of the Anti-Injunction Act . . . ." *Mobile Republican Assem. v. United States*, 353 F.3d 1357, 1362 n.6 (11th Cir. 2003).

We conclude from the record here that the district court did not err in dismissing Bufkin's amended complaint because he failed to clearly demonstrate

that the United States waived its sovereign immunity so as to permit this action. First, because Bufkin's amended complaint deals with his liability for deficiencies and assertions that income tax laws do not apply to him, he cannot be said to be challenging tax collection procedures. Therefore, he cannot proceed based on the statutory waivers of sovereign immunity in § 2410, § 7432(a), or § 7433(a), all of which permit certain procedural claims but bar claims based on the merits of a tax assessment. 26 U.S.C. §§ 7432, 7433(a); 28 U.S.C. § 2410.

Second, the district court correctly found that the Anti-Injunction Act precluded Bufkin's amended complaint, because neither the statutory nor the judicial exceptions to the Act's prohibition against lawsuits "restraining the assessment or collection of any tax" applies here. *See* 26 U.S.C. § 7421(a). As to the judicial exception, Bufkin failed to show that there was no way the government could succeed on the tax claim, as his arguments are frivolous, and he did not assert any basis for equity jurisdiction. *Mathes*, 901 F.2d at 1033; *see Biermann v. C.I.R.,* 769 F.2d 707, 708 (11th Cir. 1985) (rejecting tax protest arguments). Moreover, he was not without an adequate legal remedy because he could have filed a petition in the tax court, paid the taxes then sought a refund, or filed a refund suit. *See* 26 U.S.C. §§ 6212(a), 6213(a), 7442.

Finally, the Declaratory Judgment Act also barred Bufkin's amended complaint because we have noted that the prohibition on entering declaratory

6

judgments regarding federal taxes "is at least as broad as the prohibition of the Anti-Injunction Act . . . ." *Mobile Republican Assem.*, 353 F.3d at 1362 n.6. Thus, because the Anti-Injunction Act precluded his complaint, so, too, does the Declaratory Judgment Act. *See id.*

For the above-stated reasons, we affirm the judgment of dismissal for lack of jurisdiction.

**AFFIRMED.**