15-3592-cr
*United States v. Bout*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "Summary Order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of November, two thousand sixteen.

Present:
> JOHN M. WALKER, JR.,
> PETER W. HALL,
> DENNY CHIN,
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                     15-3592-cr

VIKTOR BOUT, AKA VICTOR ANATOLIYEVICH BOUT, AKA VIKTOR BULAKIN, AKA VIKTOR BUTT, AKA VADIM MARKOVICH AMINOV, AKA VIKTOR BUDD, AKA VICTOR BUT, AKA "BORIS,"

> *Defendant-Appellant.*

---

For Appellee:              DAVID ZHOU, Adam S. Hickey, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York.

For Appellant:             ALEXEY V. TARASOV, Houston, Texas.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Scheindlin, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Defendant-Appellant Viktor Bout appeals from a final order denying him a new trial by the United States District Court for the Southern District of New York (Sheindlin, *J.*). Bout was convicted of four counts arising from a conspiracy to sell 100 surface-to-air missiles to the Colombian terrorist group *Fuerzas Armadas Revolucionarias de Colombia* ("FARC") and sentenced principally to 300 months in prison. Bout claims that the district court abused its discretion by concluding that certain evidence did not warrant relief under Federal Rule of Criminal Procedure 33, by denying his request for an evidentiary hearing on the matter, and by failing to dismiss the indictment. We assume the parties' familiarity with the underlying facts, the procedural history, the district court's rulings, and the arguments presented on appeal.

We review the denial of a new trial under Rule 33 for abuse of discretion. *United States v. Owen*, 500 F.3d 83, 87 (2d Cir. 2007). Denials of evidentiary hearings are likewise reviewed for abuse of discretion. *United States v. White*, 972 F.2d 16, 22 (2d Cir. 1992). Any factual findings made in connection with the disposition of a Rule 33 motion are reviewed for clear error. *United States v. Rigas*, 583 F.3d 108, 125 (2d Cir. 2009). A district court abuses its discretion when "(1) its decision rests on an error of law (such as application of the wrong legal principle) or

a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 294 (2d Cir. 2006).

Upon review we conclude that the district court did not exceed the bounds of its broad discretion in denying Bout's motion. *See United States v. Stewart*, 433 F.3d 273, 296 (2d Cir. 2006) ("the trial court's discretion to decide whether newly discovered evidence warrants a new trial is broad because its vantage point as to the determinative factor—whether newly discovered evidence would have influenced the jury—has been informed by the trial over which it presided.").

We turn first to Bout's claims of error with respect to the "newly discovered" evidence he proffered to the district court. Rule 33 permits a district court to vacate a judgment and grant a new trial in light of "newly discovered evidence . . . if the interest of justice so requires." Fed. R. Crim. P. 33(a). A new trial is an extraordinary remedy. *See United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001). To be granted a new trial, a defendant must show: (1) the evidence is newly discovered; (2) due diligence on the part of the movant in obtaining the evidence; (3) the evidence is material; (4) the evidence is not merely cumulative or impeaching; and (5) the evidence would likely result in an acquittal. *United States v. James*, 712 F.3d 79, 107 (2d Cir. 2013).

Bout now proffers several pieces of "newly discovered evidence," which, he alleges, demonstrate that: (1) Andrew Smulian was recruited by the DEA before

being apprehended in Bangkok and therefore Bout could not have conspired with him; (2) Smulian perjured himself, rendering Bout's conviction on the third count invalid due to insufficient evidence; and (3) the indictment was invalid due to the testimony at Bout's preliminary hearing of a DEA agent against whom the district court made a finding of adverse credibility at the suppression hearing. The district court did not abuse its discretion in concluding that none of the proffered evidence warrants Rule 33 relief.

First, Bout argues that a statement made by DEA Agent William Brown during the filming of a documentary "indicates that Smulian was recruited by the DEA before he and Bout were apprehended in Bangkok." Appellant's Br. 11. In the film, DEA Agent Brown stated that, "[the DEA] believed that Andrew [Smulian] would be a willing partner in this scenario." *Id.* He further elaborated that "[w]e tried to find an individual that can lead us to Viktor Bout, that had operated with Bout in the past. And that penetration point to us was Andrew Smulian." *Id.* We agree with the district court that the statement is "newly discovered" because the documentary was not filmed until after Bout's trial. Contrary to Bout's argument, however, we conclude that the statement does not support the inference Bout suggests. Rather than indicating that Smulian was a DEA informant, the statement merely demonstrates that the DEA saw Smulian as a way to get to Bout (in part because of Smulian's past dealings with him). In light of the entire trial record, therefore, the district court did not err in concluding that admitting Agent Brown's

statement would not have resulted in an acquittal. J.A. at 37; *see James*, 712 F.3d at 107.

Second, Bout argues that documents found on Smulian's laptop give rise to the inference that Smulian expected to engage in legitimate job opportunities with confidential informant Mike Snow. A single email from Snow describing a legal job opportunity and undated internet research about British intelligence agencies does not establish that Smulian knew Snow was an intelligence agent nor does it establish that Smulian would have participated only in legitimate enterprises with Snow. The district court did not exceed the bounds of its discretion when it concluded that this evidence would not have resulted in an acquittal. J.A. at 37–40.

Third, Bout contends that Thai immigration records, which show Smulian departing Bangkok for New York relatively soon after the sting operation, raise the inference that Smulian was a DEA informant. Those facts were part of the trial record and are not "newly discovered" as a matter of law. The district court did not err by refusing to consider them. J.A. 33–35.

Fourth, Bout contends that the district court should have considered a fax from someone who purported to be Smulian's wife to Bout's former attorney demanding payment in exchange for Smulian refusing to testify against Bout. The fax, however, was disclosed by the United States before trial. Appellant's Br. 25. It is, therefore, not "newly discovered" evidence, and Rule 33 barred the district court from considering it.

Bout next argues that a declaration filed by Peter Mirchev shows that Smulian gave perjured testimony at trial with respect to the call Bout placed to Mirchev in order to acquire 100 surface-to-air missiles. To win a new trial based on perjured testimony by a Government witness, a defendant must show that (1) the newly discovered evidence could not with due diligence have been discovered before or during trial; (2) the evidence demonstrates that the witness in fact committed perjury; (3) the newly discovered evidence is material; and (4) the newly discovered evidence is not cumulative. *United States v. White*, 972 F.2d 16, 20–21 (2d Cir. 1992). Evidence is not "newly discovered," however, where "(1) the defendant was aware of the evidence before or during trial, *and* (2) there was a *legal* basis for the unavailability of the evidence at trial, such as the assertion of a valid privilege." *United States v. Forbes*, 790 F.3d 403, 408 (2d Cir. 2015). "[I]f the reason that testimonial evidence was unavailable at trial was the defendant's failure to call a witness that he knew could provide exculpatory testimony, a new trial on the basis of newly discovered evidence would not be warranted." *Id.* at 409. Further, Rule 33 "motions based solely upon affidavits are disfavored because the affiants' statements are obtained without the benefit of cross-examination and an opportunity to make credibility determinations." *Herrera v. Collins*, 506 U.S. 390, 417 (1993).

We conclude that the district court did not exceed the bounds of its discretion by determining that the Mirchev declaration fails to clear the Rule 33 bar. J.A. 42–44. First, the declaration is not "newly discovered" because if Bout actually never

contacted Mirchev, he would have known that before trial, and he would have known that Mirchev could so testify. Second, according to the declaration, Mirchev did not testify because he did not want to incriminate himself. The basis for his unavailability is thus legal in nature. *See Forbes*, 790 F.3d at 408. Third, Bout offered no evidence that he attempted to call or depose Mirchev, and he has thus failed to exercise due diligence in obtaining Mirchev's testimony. Fourth, the district court did not abuse its discretion when, with the benefit of observing and evaluating the entirety of the evidence presented at trial, it concluded that the declaration would not have resulted in an acquittal. J.A. 44.

We also conclude that the district court did not err in declining to dismiss the indictment. "Dismissal of an indictment following a conviction is an extraordinary remedy," *United States v. Lombardozzi*, 491 F.3d 61, 79 (2d Cir. 2007) (citation and internal quotation marks omitted), which is justified "not [by] any need for securing justice . . . but rather [by] a desire to maintain proper prosecutorial standards generally," *United States v. Thibadeau*, 671 F.2d 75, 78 (2d Cir. 1982). Bout's argument hinges on adverse credibility findings that were issued, but then withdrawn, from the district court's suppression opinion. Prior to removing the adverse credibility findings, however, the district court conferred with Bout's prior defense counsel and the Government. All of the parties agreed that the findings would be withdrawn and a new opinion issued. Bout cannot circumvent the "newly discovered" prong of Rule 33 by providing transcripts of a hearing that occurred after his trial in which the parties discussed events that occurred prior to his trial

and of which he or his defense counsel were aware. Further, the adverse credibility findings were not material to Bout's indictment. The court's findings were limited to the testimony of Agents Zachariasiewicz and Milioni regarding the manner in which Bout was apprehended and interrogated. Those issues were related solely to the suppression of Bout's statements, and the district court refused to admit the statements against Bout at trial. The agents' testimony, however, was not relevant to Bout's guilt. Additionally, neither agent testified at Bout's trial. Moreover, even if the indictment were somehow defective, it is well-established that "a guilty verdict by a petit jury remedies any possible defects in the grand jury indictment." *United States v. Eltayib*, 88 F.3d 157, 173 (2d Cir. 1996).

Finally, the district court did not exceed the bounds of its discretion in declining to hold an evidentiary hearing. With the exception of the documentary, as a matter of law none of the evidence Bout now proffers was newly discovered. *See Forbes*, 790 F.3d at 411. A hearing is also unnecessary to develop the record regarding the documentary because Bout has already established the substance of the comments made by DEA Agent Brown. The district court thus did not abuse its discretion in declining to hold an evidentiary hearing.

We have considered Bout's remaining arguments and find them to be without merit. Accordingly, the district court's order is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8