22-1693
United States of America v. Peter

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

<u>**SUMMARY ORDER**</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of February, two thousand twenty-four.

PRESENT:
> AMALYA L. KEARSE,
> BARRINGTON D. PARKER,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

United States of America,

    *Appellee*,

  v.

Sean Peter, AKA Huggie,

    *Defendant-Appellant*,

Steven Syder, AKA Esteban, Jason Campbell, AKA Holiday, AKA Fish,

    *Defendants*.[*]

_____

22-1693

_____

[*] The appeals of co-defendants Syder and Campbell, consolidated with this one, were dismissed before briefing. *See* 2d Cir. 22-1675, doc. 100; 2d Cir. 22-1739, docs. 35, 43. We decide only Peter's appeal in this summary order.

FOR APPELLEE:                                          Sagar K. Ravi, Jacqueline C. Kelly, Hagan Scotten, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

FOR DEFENDANT-APPELLANT:                Sean Peter, pro se, Otisville, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Buchwald, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

## BACKGROUND

Defendant-Appellant Sean Peter appeals the denial of a motion for a new trial pursuant to Federal Rule of Criminal Procedure 33. The motion was made pro se several months after we affirmed his conviction by summary order. *See United States v. Campbell*, 850 F. App'x 102 (2d Cir. 2021).

In the Rule 33 motion, Peter argued that a declaration written by an unindicted co-conspirator, Peter's brother Shane Peter ("Streets"), was newly discovered evidence warranting a new trial. The declaration claimed, *inter alia*, that Peter was not part of Streets's marijuana distribution operation. The district court denied the motion because the motion failed to meet at least three of the five factors required for relief under Rule 33.

We assume the parties' familiarity with the remaining facts, procedural history, and issues on appeal.

2

**DISCUSSION**

Rule 33 permits a district court to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). We review the denial of a Rule 33 motion—which is "granted only in 'extraordinary circumstances'"—for abuse of discretion. *United States v. McCourty*, 562 F.3d 458, 475 (2d Cir. 2009) (quoting *United States v. Torres*, 128 F.3d 38, 48 (2d Cir. 1997)). "A district court abuses its discretion in denying a Rule 33 motion when (1) its decision rests on an error of law or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *United States v. Vinas*, 910 F.3d 52, 58 (2d Cir. 2018) (ellipsis, internal quotation marks, and citation omitted).

While Peter would have to make five showings regarding his brother's declaration to obtain Rule 33 relief based on newly discovered evidence, only three of the required showings are at issue in this case: (1) that the evidence is newly discovered after trial; (2) that facts are alleged from which the court can infer due diligence on the part of the movant to obtain the evidence; and (3) that the evidence would likely result in an acquittal. *See United States v. Peter*, No. 17 Cr. 54 (NRB), 2022 WL 2657127, at *3–5 (S.D.N.Y. July 7, 2022); *see also United States v. James*, 712 F.3d 79, 107 (2d Cir. 2013) (explaining all five required showings).

With regard to (1), Peter argues that his brother's declaration constituted newly discovered evidence. However, "if the reason that testimonial evidence was unavailable at trial was the defendant's failure to call a witness that he knew could provide exculpatory testimony, a new trial on the basis of newly discovered evidence would not be warranted." *United States v. Forbes*, 790

3

F.3d 403, 409 (2d Cir. 2015). The district court properly declined to view the declaration as newly discovered evidence because "Streets's marijuana conspiracy and the defendants' participation in it were central at trial." *Peter*, 2022 WL 2657127, at *5. Streets's ability to testify about the details of the marijuana conspiracy would have been known to Peter at the time of trial, yet Peter does not explain why it would have been impossible to obtain Streets's testimony.[1]

By extension, with regard to (2), the district court did not abuse its discretion in determining that Peter failed to show due diligence. Again, Peter fails to offer any explanation for the delay in presenting Streets's declaration.

Finally, with regard to (3), the district court did not abuse its discretion in concluding that Streets's declaration would not likely lead to acquittal. Even were we to credit Streets's declaration, the declaration does not overcome the clear evidence of Peter's involvement in the marijuana conspiracy, including Peter's role in confronting the murder victim or the fact that Peter and his co-defendants then went to a hospital where police found cash, drugs, and ammunition in their driver's van.

In sum, Peter has not shown an error of law, a clearly erroneous factual finding, or a decision outside the permissible range on any of these three new-trial requirements. *See Vinas*, 910 F.3d at 58.

---

[1] In arguing to the contrary, Peter cites our nonbinding summary order in *United States v. Bout*, 666 F. App'x 34 (2d Cir. 2016), where we suggested that a statement by a person who had testified at the defendant's trial could be newly discovered because the documentary film in which it appeared post-dated the defendant's trial. But the statement in *Bout* pertained to alleged timing of the DEA's attempts to recruit a third party—information not necessarily known to the defendant at the time of trial. Here, by contrast, Streets's statements pertain to Peter's own conduct.

\*    \*    \*

Because Peter's remaining arguments are without merit, we conclude that the district court did not abuse its discretion in denying his new trial motion without an evidentiary hearing. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court