[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14133
Non-Argument Calendar

_____

D.C. Docket No. 9:18-cv-80346-BB


KAREN C. YEH HO,

Plaintiff-Appellant,

versus

ADAM SABOCIK,
WILLIAM BOYES,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 24, 2019)

Before MARTIN, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

Invoking the district court's federal-question jurisdiction, *see* 28 U.S.C. § 1331, Karen Yeh Ho, proceeding *pro se*, filed a federal lawsuit against two private attorneys, Adam Sabocik and William Boyes, alleging violations of the Fifth and Fourteenth Amendments to the Constitution, 42 U.S.C. § 1983, 18 U.S.C. § 1509, and state law. Yeh Ho's claims appear to stem from probate, guardianship, and trust proceedings in Palm Beach County, Florida, involving Yeh Ho's mother and her estate. Sabocik and Boyes represented Yeh Ho's brother in these proceedings, and Yeh Ho believes that they acted improperly and unlawfully, by allegedly having her jailed and depriving her of her inheritance.

The district court dismissed Yeh Ho's lawsuit, concluding that it was clear from the face of her complaint—despite her allegations of harm to constitutional and federal statutory rights—that she had not alleged a federal claim. Accordingly, the court concluded that it lacked subject-matter jurisdiction. Yeh Ho now appeals.

We first address our jurisdiction to hear this appeal. Sabocik and Boyes move to dismiss Yeh Ho's appeal as untimely on the ground that her notice of appeal was filed more than 30 days after entry of the dismissal order.

Our appellate jurisdiction in a civil case depends on the timely filing of a notice of appeal. *Green v. Drug Enforcement Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010). Ordinarily, the notice of appeal must be filed "within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). For purposes

2

of this rule, "entry" of a dispositive judgment or order occurs either on the date it is set forth in a separate document under Rule 58, Fed. R. Civ. P., or 150 days from the date the order was entered on the docket.  *See* Fed. R. App. P. 4(a)(7)(A)(i)–(ii).[1]

Here, the district court did not enter judgment in a separate document, so Yeh Ho had a total of 180 days from the date of the dismissal order in which to file her notice of appeal.  Because her notice of appeal was filed within this period, we have jurisdiction over her appeal.

Turning to the district court's subject-matter jurisdiction, "[f]ederal courts have limited subject matter jurisdiction, or in other words, they have the power to decide only certain types of cases." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260–61 (11th Cir. 2000).  Among other limitations, "lower federal courts are empowered to hear only cases for which there has been a congressional grant of jurisdiction, and once a court determines that there has been no grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Id.* at 1261.  "Subject matter jurisdiction is a question of law that we review de novo." *Sec. & Exch. Comm'n v. Mutual Benefits Corp.*, 408 F.3d 737, 741 (11th Cir. 2005).

---

[1] Different rules apply when a "separate document" is not required under Rule 58.  *See* Fed. R. App. P. 4(a)(7)(A)(i).  Here, though, a separate document was required.  *See* Fed. R. Civ. P. 58(a).

In this case, Yeh Ho invoked the federal court's subject-matter jurisdiction under 28 U.S.C. § 1331, the federal-question jurisdiction statute.[2]  The threshold question under this statute is whether the matter in controversy "aris[es] under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331; *Bell v. Hood*, 327 U.S. 678, 681–82 (1946).

"Even if a complaint alleges injury to federal rights," however, "the courts should not entertain the lawsuit 'where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.'" *Fountain v. Metro. Atlanta Rapid Trans. Auth.*, 678 F.2d 1038, 1042 (11th Cir. 1982) (quoting *Bell*, 327 U.S. at 682–83).  This exception applies only when the federal claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998).  Where this narrow exception applies, dismissal for lack of subject-matter jurisdiction is proper.

Yeh Ho alleged injury to federal rights under the Fifth and Fourteenth Amendments, 18 U.S.C. § 1509, and 42 U.S.C. § 1983.  As relevant here, the Fifth and Fourteenth Amendments forbid the federal and state governments from

---

[2] It does not appear that the parties are diverse, so diversity jurisdiction under 28 U.S.C. § 1332 would not apply.

depriving any person of life, liberty, or property "without due process of law." U.S. Const. amends. V & XIV.

Section 1509 of Title 18 makes it a crime to obstruct, impede, or interfere with "the due exercise of rights or the performance of duties under any order, judgment, or decree of a court of the United States." 18 U.S.C. § 1509. The statute further provides that "[n]o injunctive or other civil relief against the conduct made criminal by this section shall be denied on the ground that such conduct is a crime." *Id.*

Section 1983, in turn, allows claims against any person who, acting under color of state law, deprives another of a constitutional or federal statutory right. 42 U.S.C. § 1983. But "one cannot go into court and claim a 'violation of § 1983'— for § 1983 by itself does not protect anyone against anything." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002) (quotation marks omitted). Rather, "§ 1983 merely provides a mechanism for enforcing individual rights 'secured' elsewhere." *Id.*

To establish a § 1983 claim, the plaintiff must show that the conduct complained of (1) was committed by a "state actor" and (2) "deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." *Id.* To be considered a state actor for purposes of § 1983, a private party must have exercised a traditionally exclusive public function, acted

in concert with public officials, or engaged in conduct compelled by the state. *See id.* at 1130–31; *see Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir. 1990).

Here, the district court properly concluded that it lacked subject-matter jurisdiction over Yeh Ho's complaint. Yeh Ho's claims against the defendants arise from their actions while representing her brother as private attorneys in state-court proceedings concerning guardianship and probate matters. Despite Yeh Ho's allegations of harm to federal rights, nothing in the complaint indicates that the matter in controversy "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Specifically, although Yeh Ho's constitutional due-process rights are enforceable through § 1983, the complaint gives no basis to conclude that Sabocik and Boyes could be considered "state actors" for purposes of § 1983. *See Harvey*, 949 F.2d at 1130. The fact that the defendants engaged in the state-court process and obtained court orders is insufficient to make them state actors. *See Cobb v. Georgia Power Co.*, 757 F.2d 1248, 1251 (11th Cir. 1985) ("[O]ne who has obtained a state court order or judgment is not engaged in state action merely because [he] used the state court legal process."). Thus, neither § 1983 nor the Fifth and Fourteenth Amendments apply to the factual allegations in Yeh Ho's complaint.

Yeh Ho's other claims fare no better. She did not allege or identify any "order, judgment, or decree of a court of the United States," 18 U.S.C. § 1509, as opposed

6

to a state-court order or decree, with which the defendants allegedly interfered or obstructed.  And her claim of "professional malpractice" is a matter of state law and does not present a federal claim.  Thus, despite Yeh Ho's assertion of harm to federal constitutional and statutory rights, the complaint is clear on its face that this case does not "involve a federal controversy."  *Steel Co.*, 523 U.S. at 89.

Nor did the district court err in dismissing Yeh Ho's complaint without granting leave to amend.  While a *pro se* plaintiff ordinarily must be given at least one chance to amend her complaint before dismissal, *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (*en banc*) (holding that this rule does not apply to counseled litigants who never requested leave to amend), the district court need not grant leave to amend where amendment would be futile, *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005).

Granting leave to amend would have been futile in this case because it does not appear that any amendment could have cured the deficiencies identified above. Yeh Ho invokes on appeal additional federal statutes that she believes apply to her case—including 42 U.S.C. § 3605, 18 U.S.C. § 242, 18 U.S.C. § 1503, and 18 U.S.C. § 1964—but any claims under these statutes either suffer from the same defects identified above or are completely unsupported by the factual allegations in her complaint.  We see no basis in the record or in Yeh Ho's briefing to conclude

that Yeh Ho, if granted leave to amend, could present any colorable claim under these additional statutes.

Finally, we consider Sabocik and Boyes's motion for attorney's fees and costs under Rule 38, Fed. R. App. P.[3]   "Rule 38 sanctions are appropriately imposed against appellants who raise clearly frivolous claims in the face of established law and clear facts."  *Parker v. Am. Traffic Solutions, Inc.*, 835 F.3d 1363, 1371 (11th Cir. 2016) (quotation marks omitted).  Absent special circumstances, we ordinarily decline to impose Rule 38 sanctions on *pro se* appellants.  *See, e.g.*, *Woods v. Internal Revenue Serv.*, 3 F.3d 403, 404 (11th Cir. 1993) ("There can be no doubt that this is a frivolous appeal and we would not hesitate to order sanctions if appellant had been represented by counsel.  However, since this suit was filed *pro se*, we conclude that sanctions would be inappropriate.")

We DENY the motion for sanctions.  The defendants contend that sanctions are warranted for the following two reasons:  (1) the appeal is "clearly untimely"; and (2) Yeh Ho's allegations of violations of federal constitutional and statutory rights are "completely baseless."  Neither reason warrants sanctions in this case.

As to the first reason, we disagree that the appeal is untimely, for the reasons we have already explained.  As to the second reason, given Yeh Ho's *pro se* status,

---

[3] "If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. App. P. 38.

sanctions are not warranted even if we agreed with the defendants that the appeal is frivolous. *See Woods*, 3 F.3d at 404. The appeal turned on largely technical matters of federal jurisdiction, and Yeh Ho's arguments, even if they were not strong, were not so clearly frivolous or baseless as to justify imposing sanctions against a *pro se* litigant. Nor do we pass judgment on the merits of Yeh Ho's allegations more broadly, such as whether she may have viable state-law claims against the defendants. We simply hold that her complaint does not present a federal controversy over which the federal courts have subject-matter jurisdiction.

In that regard, we note that the district court purported to enter dismissal "with prejudice," but a dismissal for lack of subject-matter jurisdiction is "entered without prejudice." *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). We therefore remand for the court to reenter its judgment as a dismissal without prejudice.

**AFFIRMED in part; REMANDED in part**.

9