**David W. WOODS, Plaintiff–Appellant,**

v.

**INTERNAL REVENUE SERVICE, Defendant–Appellee.**

No. 92–3093
Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Oct. 1, 1993.

Steven A. Nisbet, Tamra Phipps, Asst. U.S. Attys., Tampa, FL, Gary R. Allen, Randolph L. Hutter, Ann B. Durney, U.S. Dept. of Justice, Tax Div., Washington, DC, for defendant-appellee.

Before HATCHETT and COX, Circuit Judges, and TUTTLE, Senior Circuit Judge.

PER CURIAM:

This is an appeal from the trial court's dismissal of appellant's suit for damages filed against the Internal Revenue Service (IRS).

■ The complaint, as amended, challenged the Government's action in assessing and collecting income taxes. The plaintiff, acting *pro se*, states that he earned no income and filed no tax returns for the years 1984 through 1988. He argues, therefore, that the Government lacked authority to assess taxes for those years. The plaintiff admits having received deficiency notices and does not appear to take issue with the means by which the IRS seized $520.00 of his as-

sets, rather the plaintiff simply states that "the mere imposition of a tax does not of itself create any liability on the part of the citizen nor does it require him to pay."

For the reasons set forth in the district court's opinion, which is attached as an appendix, we affirm its dismissal of the suit.

■ On appeal, the Government requests this Court impose sanctions against Woods in the amount of $1,500.00, pursuant to 28 U.S.C. § 1912 and Fed.R.App.P. 38, for filing a frivolous appeal. There can be no doubt that this is a frivolous appeal and we would not hesitate to order sanctions if appellant had been represented by counsel. However, since this suit was filed *pro se*, we conclude that sanctions would be inappropriate.

The judgment of the trial court is *AFFIRMED*.

### APPENDIX

The Anti–Injunction Act, embodied in section 7421 of the tax code, generally bars suits of this nature. That provision provides in relevant part:

> Except as provided in sections 6212(a) and (c), 6213(a), ... no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

26 U.S.C. § 7421(a). This Act, therefore, prohibits injunctions in the context of a statutory scheme which provides an alternative remedy. *South Carolina v. Regan,* 465 U.S. 367, 374, 104 S.Ct. 1107, 1112, 79 L.Ed.2d 372 (1984). A taxpayer's normal recourse is to pay the disputed tax, and then file suit for a refund. *Bilbo v. United States,* 633 F.2d 1137, 1140 (5th Cir. Unit B, Jan. 1981). As the plaintiff has filed to follow this course, the Court lacks jurisdiction to entertain his suit.

Having reviewed the amended complaint and the government's motion to dismiss, the Court is persuaded from the face of the complaint that the plaintiff, Woods, can prove no set of facts that would entitle him to relief. *See Madison v. United States,* 752 F.2d 607 (11th Cir.1985). Accordingly, it is

ORDERED:

The government's motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b) is GRANTED, and this case is dismissed.