[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12812
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cv-00479-B-B

GEORGE WILSON,

Plaintiff-Appellant,

versus

SELMA WATER WORKS AND SEWER BOARD,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(June 24, 2013)

Before CARNES, BARKETT and BLACK, Circuit Judges.

PER CURIAM:

George Wilson appeals the dismissal of his civil rights action pursuant to the *Rooker-Feldman*[1] doctrine.  We affirm.[2]

In 2009, Wilson sued Selma Water Works and Sewer Board (Selma Board) in Alabama state court for allegedly damaging his building.  The trial court awarded Selma Board summary judgment and the Alabama Court of Civil Appeals affirmed.  On August 5, 2011, the Alabama Supreme Court denied Wilson's petition for writ of certiorari, thereby ending the state-court proceedings.  On August 19, 2011, Wilson filed this case in federal district court alleging violations of his federal due process rights based on (1) Selma Board's discovery and pleading tactics in state court, and (2) the state-court trial judge's failure to recuse himself.  According to Wilson's Second Amended Complaint, he "seeks relief from summary judgment of Alabama Courts" notwithstanding the verdict of those courts.  Wilson's claims were subsequently dismissed by a federal magistrate judge after the parties consented to the magistrate's jurisdiction.

Wilson's claims are jurisdictionally barred under the *Rooker-Feldman* doctrine.  *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284,

---

[1] *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149 (1923).

[2] We review the magistrate judge's dismissal for lack of subject-matter jurisdiction in this case de novo.  *Nicholson v. Shafe*, 558 F.3d 1266, 1270 (11th Cir. 2009).  Also, we deny Appellee's motion to sanction Wilson under Fed. R. Civ. P. 11 and Fed. R. App. P. 38.  *See, e.g.*, *Woods v. Internal Revenue Serv.*, 3 F.3d 403, 404 (11th Cir. 1993) (noting this Court's reluctance to sanction pro se litigants).

125 S. Ct. 1517, 1521–22 (2005).  The *Rooker-Feldman* doctrine bars state-court losers from seeking what would be, in substance, appellate review of state-court judgments in federal district court based on claims that the state-court judgment violated the losing parties' federal rights.  *See Brown v. R.J. Reynolds Tobacco Co.*, 611 F.3d 1324, 1330 (11th Cir. 2010); *see also Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (holding *Rooker-Feldman* also bars federal claims raised in state court as well as claims that are inextricably intertwined with the state-court judgment).  Because that is precisely what Wilson seeks to do in this case, his claims are jurisdictionally barred.

Accordingly, the magistrate judge's dismissal is **AFFIRMED.**