[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10189
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cv-01757-RLV


TONY L. KIGHT,

Plaintiff-Appellant,


versus


IPD PRINTING & DISTRIBUTING, INC.,

Defendant,

R.R. DONNELLEY & SONS COMPANY,
f.k.a. IPD Printing Company,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 3, 2013)

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Tony Kight, proceeding pro se, appeals from the district court's orders denying his self-styled motions for a new trial, continuance for new trial, and motion for reconsideration, following the entry of summary judgment, and untimely appeal thereof, in his employment discrimination action brought under 42 U.S.C. § 2000e-2.  On appeal, Kight argues that the court erroneously entered summary judgment against him, but does not raise any arguments challenging the basis for the more recent orders designated in his notice of appeal.  After thorough review, we affirm.

An appellate court has jurisdiction to review only those judgments, orders, or portions thereof that are specified in the appellant's notice of appeal.  Hill v. BellSouth Telecomm., Inc., 364 F.3d 1308, 1313 (11th Cir. 2004); see also Fed.R.App.P. 3(c) (requiring that a notice of appeal "designate the judgment, order or part thereof being appealed from").  A legal claim or argument not briefed before the Court is deemed abandoned, and its merits will not be addressed. Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004).

Here, liberally construed, Kight's appellate brief contains no discernible challenge to the orders designated in his notice of appeal.  Because the validity of the district court's earlier order granting summary judgment against Kight is not

2

within the scope of this appeal, and Kight has failed to set forth any arguments related to the denial of his motion for reconsideration, motions for new trial, or order barring him from filing future pleadings, he has abandoned all issues relevant to this appeal.  But in any event, even if we were to consider an appeal of these district court orders, it would have no merit since the district court did not abuse its discretion in reaching its conclusions.  Accordingly, we affirm.[1]

**AFFIRMED.**

---

[1] Nevertheless, we DENY the motion for sanctions filed by J.R. Donnelley & Sons Co. ("Donnelley").  We recognize that we may, upon a motion, award just damages and single or double costs to the appellee if an appeal is frivolous. Fed.R.App.P. 38.  But we have been reluctant to impose sanctions against a pro se appellant, even where the appeal is clearly frivolous.  See e.g., Woods v. Internal Revenue Serv., 3 F.3d 403, 404 (11th Cir. 1993); Hyslep v. United States, 765 F.2d 1083, 1084 (11th Cir. 1985).  In light of Kight's pro se status, and because Donnelley has not identified extenuating circumstances similar to those that were present in past instances where we have awarded sanctions against a pro se appellant, we decline to award sanctions here.