[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10613
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-00890-RWS

WILLIAM M. MCCAVEY,

Plaintiff-Appellant,

versus

MARSHA DEBRA GOLD,
GARY MARKWELL & PC,
GEORGIA LORD,
Staff Attorney,
CYNTHIA D. WRIGHT,
Past Chief Judge,
JUDGE GAIL S. TUSAN, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 4, 2015)

Before MARCUS, WILSON, and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

William M. McCavey, proceeding pro se, appeals the district court's dismissal of his complaint filed against nine defendants involved in varying degrees with his state divorce action, asserting claims under 42 U.S.C. § 1983 and Georgia state law.[1]

On appeal, McCavey argues that the district court erred in dismissing his complaint for lack of subject matter jurisdiction and abused its discretion in not allowing him to file his amended complaint prior to doing so. However, after reviewing the record on appeal and the parties' arguments, we find that McCavey's action was properly dismissed. As the district court concluded, "42 U.S.C. § 1983 is not an appropriate device for obtaining collateral review of state court judgments, as [McCavey] seeks to do here."

McCavey also argues that the district court's grant of appellee Gold's motion for Federal Rule of Civil Procedure 11 sanctions was inappropriate.

---

[1] The defendants include Marsha Debra Gold, the guardian ad litem during the divorce case; "Gary Markwell & PC," who represented McCavey's ex-spouse in the divorce; then-Chief Judge Cynthia D. Wright of the Fulton County Superior Court; Judge Bensonetta Tipton Lane, who presided over McCavey's divorce case in Fulton County Superior Court; Georgia Lord, then-law clerk to Judge Lane; Judge Gail S. Tusan of the Fulton County Superior Court, who ruled on a mandamus petition filed by McCavey during his divorce case; John Eaves, Chairman of the Fulton County Commission; Charles L. Ruffin, then-President of the State Bar of Georgia; and Dr. Howard Drutman of Atlanta Behavioral Consultants, who was the custody evaluator during the divorce case, and Dr. Drutman's insurer (collectively, Appellees).

2

Because the district court's order granting Gold's sanctions motion was not final, we do not have jurisdiction to consider it, and we dismiss McCavey's appeal of the same.

Additionally, appellee Gold filed a motion in this court for just damages and double costs under Federal Rule of Appellate Procedure 38, but we find that McCavey's pro se appeal is not so frivolous and devoid of merit as to warrant sanctions.  Accordingly, we deny Gold's request for Rule 38 sanctions.

**I.**

We review dismissals for lack of subject matter jurisdiction de novo, viewing the facts in the light most favorable to the plaintiff.  *Parise v. Delta Airlines, Inc.*, 141 F.3d 1463, 1465 (11th Cir. 1998).  "The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim."  *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005).

The district court dismissed McCavey's action for lack of subject matter jurisdiction based on its application of the *Rooker-Feldman* doctrine,[2] which provides that "federal district courts generally lack jurisdiction to review a final state court decision."  *See Doe v. Florida Bar*, 630 F.3d 1336, 1340 (11th Cir. 2011); *see also Lance v. Dennis*, 546 U.S. 459, 463, 126 S. Ct. 1198, 1201 (2006)

---

[2] The *Rooker-Feldman* doctrine derives from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303 (1983).  We review a district court's application of the *Rooker-Feldman* doctrine de novo.  *Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1069 (11th Cir. 2013).

3

(per curiam) (noting that, under the doctrine, "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments").

The doctrine precludes jurisdiction in "'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Alvarez v. Att'y Gen. of Fla.*, 679 F.3d 1257, 1262 (11th Cir. 2012) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 1521–22 (2005)).  It applies when issues presented to the district court are "inextricably intertwined with the state court judgment so that (1) the success of the federal claim would effectively nullify the state court judgment, or that (2) the federal claim would succeed only to the extent that the state court wrongly decided the issues." *Id.* at 1262–63 (internal quotation marks omitted).

As an initial matter, the district court did not dismiss McCavey's complaint without allowing him to amend it, as it reviewed the amended complaint and dismissed it for the same reasons as the first complaint.  Next, the district court did not err in dismissing McCavey's complaint for lack of subject matter jurisdiction in light of the *Rooker-Feldman* doctrine, because McCavey was a state court loser and his complaint was inextricably intertwined with the state decision in his divorce proceeding.  *See id.*  The state court proceedings had ended: McCavey

4

filed the present complaint almost two years after the state court issued its judgment in his divorce action. *See Nicholson v. Shafe*, 558 F.3d 1266, 1275 (11th Cir. 2009) ("[I]f a lower state court issues a judgment and the losing party allows the time for appeal to expire, then the state proceedings have ended." (internal quotation marks omitted)). And McCavey is, in effect, seeking "review and rejection of the state court judgment." *See Alvarez*, 679 F.3d at 1263. By arguing that the defendants in this action, who were involved or allegedly involved in the divorce decision, acted improperly in relation to that decision, McCavey was a "state court loser" seeking redress for injuries incurred during and as a result of the divorce judgment. *See id.*

McCavey's civil rights and state claims were inextricably intertwined with the state divorce decision, because "the federal claim would succeed only to the extent that the state court wrongly decided the issues." *See id.* at 1262 (internal quotation marks omitted). We agree with the district court's characterization of McCavey's contention: that, in essence, the state divorce judgment was improperly rendered. While he did not expressly or directly attack the divorce judgment, his claims for damages against the Appellees are based on their actions in relation to his divorce proceeding. McCavey would only be entitled to damages from the alleged wrongs to the extent that the state court wrongly decided the issues presented in the divorce case. *See id.* And McCavey's amended complaint did not

5

cure this deficiency.  The few added allegations did not prevent the application of *Rooker-Feldman* because these allegations were also based on the Appellees' actions during his state court divorce proceeding and, therefore, were inextricably intertwined as discussed previously.  *See id.*

Furthermore, McCavey's argument that he could not have reasonably raised his issues in state court proceedings fails.  *See Wood v. Orange Cnty.*, 715 F.2d 1543, 1546–47 (11th Cir. 1983) (noting that the *Rooker-Feldman* doctrine only precludes federal court review of federal claims that the plaintiff had a reasonable opportunity to raise in an earlier state proceeding).  As shown by his filing of objections during his divorce action, he could have reasonably raised issues concerning the actions of certain Appellees during the course of that proceeding.

He could also have raised issues concerning the state court's alleged biases on appeal, rather than determining that such an appeal would be "futile."  Although his allegations did not involve issues relating to the divorce judgment (such as amount of alimony and custody), they did relate to the structure and nature of the divorce proceedings, which are relevant to raise during the trial and on appeal.  *See Casale v. Tillman*, 558 F.3d 1258, 1261 (11th Cir. 2009) ("If [the appellant] believed the state court's result was based on a legal error, the proper response was the same one open to all litigants who are unhappy with the judgment of a trial court: direct appeal.  We are not a clearinghouse for . . . overstock arguments; if he

6

did not offer them to the state courts—or if the state courts did not buy them—he cannot unload them by attempting to sell them to us.").

Accordingly, we affirm the district court's dismissal of his complaint.

## II.

Next, we conclude that we do not have jurisdiction over the appeal of the district court's order granting appellee Gold's motion for sanctions pursuant to Federal Rule of Civil Procedure 11.  We have an obligation to review sua sponte whether we have jurisdiction at any point in the appellate process.  *Reaves v. Sec'y, Fla. Dep't of Corr.*, 717 F.3d 886, 905 (11th Cir. 2013).  We only have jurisdiction over appeals from "final decisions" of the district courts.  *See* 28 U.S.C. § 1291.  A sanction order that awards attorney's fees but does not determine the amount of those fees is not final.  *Santini v. Cleveland Clinic Fla.*, 232 F.3d 823, 825 n.1 (11th Cir. 2000) (per curiam).

The district court's order granting Gold's motion for Rule 11 sanctions did not include the amount of attorney's fees.  McCavey filed his notice of appeal before the district court entered its order setting the amount of those fees.  Therefore, the sanction order was not final as of the date McCavey filed his notice of appeal.  While the district court did issue a final order and judgment concerning sanctions, McCavey did not appeal it, nor did he attempt to amend his notice of

7

appeal.  Therefore, we do not have jurisdiction over McCavey's appeal of the order

granting Rule 11 sanctions, and we dismiss his appeal as to that order.

### III.

After McCavey and Gold submitted their initial briefs on appeal, Gold filed

a motion for just damages and double costs under Federal Rule of Appellate

Procedure 38.  Gold asserts that this appeal is frivolous and that McCavey knew

the appeal was frivolous after sanctions were imposed against him by the district

court under Rule 11.  However, McCavey's issue on appeal—a challenge to the

district court's application of *Rooker-Feldman*—is not sufficiently frivolous to

impose sanctions on a pro se litigant.  *See Woods v. I.R.S.*, 3 F.3d 403, 404 (11th

Cir. 1993) (per curiam) (noting our reluctance to impose sanctions against a pro se

litigant even in a clearly frivolous appeal).  Even though McCavey may not have

strong arguments, his arguments are not as patently frivolous in the face of

established law and "utterly devoid of merit" as in the cases in which this court has

sanctioned pro se parties.  *Cf. Bonfiglio v. Nugent*, 986 F.2d 1391, 1393–94 (11th

Cir. 1993); *Stoecklin v. C.I.R.*, 865 F.2d 1221, 1226 (11th Cir. 1989).  Furthermore,

McCavey has not advanced any arguments on appeal that we have repeatedly held

to be frivolous and worthy of sanctions.  *See, e.g.*, *United States v. Morse*, 532 F.3d

1130, 1132–33 (11th Cir. 2008) (per curiam).  Accordingly, Gold's motion for just

damages and double costs pursuant to Rule 38 is hereby denied.

## IV.

After review of the record and consideration of the parties' arguments, we affirm the district court's dismissal of McCavey's suit for lack of subject matter jurisdiction.  We dismiss McCavey's appeal with regard to the district court's order granting sanctions, and we deny Gold's motion for sanctions.

**AFFIRMED IN PART, DISMISSED IN PART, MOTION DENIED.**