[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11789
Non-Argument Calendar
_____

D.C. Docket No. 3:14-cv-00226-TJC-PDB

JOHN F. PULLINS,

Plaintiff-Appellant,

versus

DEAN W. HAGINS,
an individual,
R&J TOWING AND RECOVERY, INC.,
a Florida Corporation,
JOHN R. GAINEY,
an individual,
STEVEN L. WORLEY,
an individual,
DUVAL COUNTY COURTHOUSE,
a municipality, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 9, 2016)

Before WILSON, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

John Pullins, proceeding *pro se*, appeals the district court's order remanding in part and dismissing with prejudice in part his claims under state law and 42 U.S.C. §§ 1981, 1983, 1985, 1986 action for violations of the Sixth and Fourteenth Amendments to the United States Constitution.  Pullins contends that the district court did not have subject matter jurisdiction over any of Pullins's claims because they were barred by the *Rooker-Feldman*[1] doctrine, that the district court erred in denying Pullins's motion for leave to amend his complaint, and that the district court erred in dismissing his claims because Pullins sufficiently alleged that the appellees violated his rights.  After review,[2] we conclude that Pullins fails to articulate any non-frivolous basis for reversal and affirm for the reasons identified in the magistrate judge's report and recommendation.

---

[1] *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

[2] We review *de novo* a dismissal for lack of subject matter jurisdiction, *Nicholson v. Shafe*, 558 F.3d 1266, 1270 (11th Cir. 2009), and for failure to state a claim under Rule 12(b)(6), accepting as true the facts alleged in the complaint and construing them in the light most favorable to the plaintiff.  *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

We review for abuse of discretion a district court's denial of leave to amend a complaint, but review *de novo* any legal conclusion as to whether amendment would have been futile.  *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1335 (11th Cir. 2010).

2

Although we find this appeal to be frivolous, due to Pullins's *pro se* status, we deny the pending motion for damages and costs under Rule 38, Federal Rules of Appellate Procedure.  *See Woods v. IRS*, 3 F.3d 403, 404 (11th Cir. 1993).

**AFFIRMED.**