[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13232
Non-Argument Calendar

_____

D.C. Docket No. 8:19-cv-00336-TPB-JSS

THE BANK OF NEW YORK MELLON,
as Trustee for the Certificationholders Cwalt, Inc.,
Alternative Loan Trust 2006-OA8 Mortgage
Passthrough Certificates Series 2006-OA8,
f.k.a. The Bank of New York,

Plaintiff-Appellee,

versus

RESOLUTION PROPERTIES TRUST LLC, et al.,

Defendants,

CHARLES W. FISHER,
in possession of subject property f.k.a. Unknown Tenant,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(March 24, 2020)

Before WILLIAM PRYOR, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Charles Fisher appeals both the district court's order remanding the instant case to state court and its award of attorneys' fees. In an earlier order, we concluded that we were without jurisdiction to hear Fisher's appeal of the remand order and dismissed his appeal in part. We now affirm the district court's order.

We briefly set out the relevant facts. The Bank of New York Mellon filed the instant case in Florida state court, in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, as a foreclosure action against Jolceli F. Souza and Zildilaine Furtado. Fisher, as an "Unknown Tenant in Possession of Subject Property," was later joined as a defendant in the case.

Fisher, representing himself *pro se*, filed an answer to the foreclosure action, including several affirmative defenses and counterclaims, in state court. He subsequently removed this action to federal court on February 7, 2019, ostensibly on the basis of diversity jurisdiction. Fisher argued, in relevant part, that the case satisfied diversity jurisdiction because Fisher and the Bank were residents of different states. He also seemed to argue that the case was removable under federal question jurisdiction because of the counterclaims he raised against the Bank.

2

The Bank, in turn, moved to remand the case to state court.  The district court granted the Bank's motion, finding that it lacked subject-matter jurisdiction over the action because: (1) the complaint and notice of removal contained insufficient allegations to establish that *all* parties, particularly the defendants, were completely diverse; and (2) Fisher, as a resident of Florida, was barred by the forum-defendant rule from removing the action to federal court.  It further noted that federal question jurisdiction was not implicated in this case, noting the well-established rule that a defense or counterclaim presenting a federal question cannot create removal jurisdiction.  The district court also granted the Bank's request for attorneys' fees and costs, determining that Fisher "did not have an objectively reasonable basis to remove this action to federal court."

Fisher timely appealed to us, appealing both the district court's order remanding the case to state court and the award of attorneys' fees.  On our own motion, we dismissed Fisher's appeal to the extent that he challenged the district court's remand for lack of subject-matter jurisdiction, concluding that a remand on this ground is "not reviewable on appeal or otherwise."  *See* 28 U.S.C. §§ 1447(c)–(d); *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1095–96 (11th Cir. 1997); *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127–28 (1995).  We concluded, therefore, that we only had jurisdiction to consider Fisher's appeal of the award of attorneys' fees.  After the appeal was docketed, the Bank moved

under Federal Rule of Appellate Procedure 38 to be awarded damages and costs. We address each of these issues in turn.

First, we do not disturb the jurisdictional panel's decision to dismiss Fisher's appeal in part. Its conclusion that we lacked jurisdiction to hear the part of Fisher's appeal concerning the district court's remand to state court was correct.

Second, with respect to the attorneys' fees awarded by the district court, we conclude that Fisher has waived the issue on appeal by failing to meaningfully challenge it. Issues not briefed on appeal by a *pro se* litigant are deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Moreover, we do not address arguments raised for the first time in a *pro se* litigant's reply brief. *Id*. Though Fisher appealed both the remand order *and* the award of attorneys' fees, his sole argument in his opening brief concerns the remand order. He only raises the issue of attorneys' fees in his reply brief, and even then, he advances conclusory arguments without merit. Fisher has waived this issue and we need not consider it.

Third, we conclude that costs and fees are appropriate under Rule 38. "If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and a reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. App. P. 38. Where we conclude that an appellant has raised "clearly frivolous claims in the

face of established law and clear facts," we have determined in the past that Rule 38 sanctions are appropriately imposed. *Parker v. Amer. Traffic Sols., Inc.*, 835 F.3d 1363, 1371 (11th Cir. 2016). While we are generally reluctant to impose sanctions on *pro se* litigants, we have done so in the past where a *pro se* litigant has been warned that his claims were meritless. *United States v. Morse*, 532 F.3d 1130, 1133 (11th Cir. 2008); *Woods v. IRS*, 3 F.3d 403, 404 (11th Cir. 1993).

Here, we conclude that Fisher's appeal was clearly frivolous in light of unambiguous statutory authority. Federal law is clear that we do not have jurisdiction to review an appeal of an order of remand based on a lack of subject matter jurisdiction. *Petrarca*, 516 U.S. at 127; 28 U.S.C. § 1447(d). The district court warned Fisher that he "did not have an objectively reasonable basis to remove this action to federal court." Accordingly, we believe that fees and costs under Rule 38 are appropriate.

The district court's order is **AFFIRMED.** The Bank's motion for fees and costs under Rule 38 is **GRANTED.**

5