[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13499

Non-Argument Calendar

_____

JAMES NATHANIEL DOUSE,

Plaintiff-Appellant,

*versus*

DELTA AIR LINES INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-00018-TWT

_____

Before JORDAN, BRANCH, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Plaintiff in this *pro se* action asserts personal injury claims arising out of a December 2020 Delta flight from Atlanta to Tampa that experienced a mid-flight engine failure. Plaintiff, a passenger on the flight, claims in his complaint that the engine failure exacerbated his preexisting medical conditions and otherwise caused him emotional distress. The district court dismissed Plaintiff's complaint after finding that Plaintiff had failed to cooperate in discovery, and Plaintiff appealed. After a careful review of the record and the briefing submitted by the parties, we find no error in the district court's ruling and we therefore **AFFIRM** the dismissal.

Plaintiff has filed several motions in connection with his appeal, including a motion to supplement the record, motions for a writ of execution and a writ of garnishment, a motion for enforcement of summary judgment and for final judgment, and a motion for summary judgment. There is no basis for granting the relief requested by Plaintiff in any of these motions, and we **DENY** them. Defendant, in response to Plaintiff's motion to supplement the record, has filed a motion for sanctions. Although we agree with Defendant that Plaintiff's motion to supplement is unfounded, we decline to impose sanctions on Plaintiff given his *pro se* status. Accordingly, we **DENY** Defendant's motion for sanctions.

## BACKGROUND

On December 21, 2020, Plaintiff was a passenger on Defendant Delta Air Lines, Inc.'s Flight 1283 from Atlanta to Tampa. According to Plaintiff, the engine on the plane in which he was traveling that day burst into flames ten or fifteen minutes into the flight. Although the pilot was able to land safely, Plaintiff claims the engine malfunction sent the plane "into total[] chaos" and was terrifying for him and the other passengers onboard.

Plaintiff subsequently filed the complaint in this case, asserting claims sounding generally in negligence, products liability, and reckless endangerment. As best we can understand Plaintiff's allegations, he asserts in the complaint that Defendant violated FAA directives by incorrectly installing composite parts into, and improperly modifying, the plane operating Flight 1283 on the day of the incident. He claims further that these errors, which allegedly resulted in a defective plane, were caused by Defendant's financial and COVID-related cutbacks in maintenance personnel.

Plaintiff alleges in the complaint that the incident on Flight 1283 caused him mental anguish, trauma, and anxiety, conditions he suggests could induce a heart attack. Plaintiff includes in the complaint a section titled "facts" in which he ostensibly moves for summary judgment on his claims. At the conclusion of the complaint, he requests $1 million in damages plus $4000 in attorney's fees, even though he is proceeding *pro se*.

Defendant admitted in its answer to Plaintiff's complaint that it operated Flight 1283 from Atlanta to Tampa on December

21, 2020, and that the plane on that flight experienced an engine malfunction. Defendant denied the rest of Plaintiff's allegations and asserted several affirmative defenses.

The parties subsequently submitted a joint preliminary report and discovery plan, in which Plaintiff claimed the engine malfunction during his December 2020 Delta flight exacerbated numerous preexisting conditions, including seizures, major depression, and sleep apnea. The parties agreed in the joint preliminary report that the following issues were within the scope of discovery: facts and documents related to Plaintiff's claims and alleged damages, party depositions, and Plaintiff's preexisting medical conditions.

The district court approved the joint preliminary report and set the discovery deadline in the case for July 22, 2021.

Shortly thereafter, Plaintiff filed a document designated a "motion to file part of the record under seal." Plaintiff stated in this document that he had conferred with defense counsel and determined that counsel wanted copies of his medical records regarding his preexisting medical conditions. Plaintiff indicated that he had signed authorizations for a neurologist, an ENT, and a psychiatrist to release his medical records and that he believed those records had been sent to defense counsel. However, Plaintiff did not identify in his filing any specific documents he wanted sealed.[1] The

---

[1] Plaintiff also advised the district court in this document that he was willing to settle the case for $800,000. Plaintiff later withdrew this offer.

district court conditionally denied Plaintiff's motion, noting that it was not clear what documents or part of the record Plaintiff wanted to seal.

Defendant initiated discovery in the case on May 11, 2021, by serving Plaintiff with its first set of interrogatories and a request to produce documents relevant to the topics of discovery identified in the joint preliminary report. Defendant also asked Plaintiff by letter on May 25, 2021, to provide dates on which his deposition could be taken. Plaintiff's response to Defendant's interrogatories and request for production of documents was due no later than June 12, 2021, but Plaintiff missed that deadline, and in fact, Plaintiff never responded to Defendant's interrogatories or request for documents. Instead, Plaintiff filed a document that was titled a "motion for summary judgment," but that did not include any legal argument or factual basis upon which summary judgment could be granted.

Plaintiff submitted a statement of material facts in support of his summary judgment motion, but the facts set out there did not shed any light on the basis for the motion. Instead, the factual statement merely restated the claims asserted in the complaint: that the plane operating Plaintiff's Delta flight on December 21, 2020, was defective, that Defendant had violated FAA regulations and created a hazardous condition on the flight, and that the engine malfunction that occurred during the flight had aggravated Plaintiff's preexisting conditions. Plaintiff stated in his summary judgment motion that medical records from a neurologist, an ENT, and

psychiatrist were "faxed . . . as [p]roof of [his] [m]edical condition." But he added that his "personal medical records" and "personal health information" should not be released without his express consent or written permission.

Around the same time as he filed his summary judgment motion, Plaintiff also filed a motion for a protective order and an "objection" to Defendant's service of discovery. In the motion for a protective order, Plaintiff again stated that he had signed a release authorizing three doctors to send Defendant medical records related to his injury on the December 2020 Delta flight. He then cited a procedural rule explaining when a court is authorized to enter a protective order, but he did not explain why this rule applied to his case or what material he sought to protect by the order.

In his objection, Plaintiff represented that his "accident related" medical records had been faxed directly to defense counsel. As to interrogatories, Plaintiff argued—without providing any legal support—that interrogatories were not necessary because Defendant had objected to trying his case before a magistrate judge. Plaintiff stated further—and again, without legal support—that discovery was limited to "nonprivileged information" specifically approved by the court and related to the December 2020 incident. Finally, citing Federal Rule 26 regarding the scope of discovery and Federal Rule 31 governing written interrogatories, Plaintiff argued that Defendant's discovery requests covered "privileged" information and were otherwise unreasonable, and that any discovery

of medical records in the case should be limited to the records already sent to defense counsel.

In its response to Plaintiff's motion for protective order and objection, Defendant correctly pointed out that permissible discovery in a case is unrelated to the decision whether to try the case before a magistrate judge, that Plaintiff had not identified what parts of the requested discovery he claimed were privileged or unreasonable, and that there was no basis for limiting discovery of Plaintiff's medical records to records related to the December 2020, incident. Presumably based on the grounds set forth in Defendant's response, the district court denied Plaintiff's motion and objection. The court also denied Plaintiff's motion for summary judgment, noting in its written order that the motion lacked any substantive legal argument and failed to identify any claim or defense for which Plaintiff was seeking summary judgment as required by the federal rules.

On June 21, 2021, the day before discovery was set to expire per the scheduling order, Defendant sent Plaintiff a letter pursuant to Federal Rule 37 informing him that his responses to discovery were past due, and that he had failed to provide any dates on which his deposition could be taken. Defendant advised Plaintiff in the letter that if he did not respond within ten days, it would file a motion to compel and for sanctions. The following day, Defendant moved to extend the discovery period. Defendant acknowledged in its motion that it had received some of Plaintiff's medical records per a signed release submitted by Plaintiff, but it noted that Plaintiff

had not otherwise responded to its interrogatories, request for production of documents, or request to provide deposition dates. Defendant stated further that it had diligently pursued discovery in the case without the cooperation of Plaintiff, who instead of participating in discovery had filed a series of baseless motions.

When Plaintiff failed to respond to the Rule 37 letter, Defendant, as promised, filed a motion to compel and for sanctions. In support of its motion, Defendant stated that: (1) the parties had agreed in the joint preliminary report that Defendant would need discovery as to the documents, facts, and evidence regarding Plaintiff's claims and preexisting medical conditions and that such discovery would involve Plaintiff's deposition, (2) Plaintiff had failed to respond to Defendant's discovery requests and refused to provide a date for his deposition, and (3) Defendant had sent Plaintiff a letter on June 21, 2021, advising him that his responses to discovery were past due, that he had failed to provide any dates for his deposition, and that a motion to compel and for sanctions would be forthcoming if Plaintiff did not respond in ten days. Defendant argued in its motion that Plaintiff's refusal to participate or cooperate in discovery was willful and in bad faith. Accordingly, Defendant asked in its motion that the court compel Plaintiff to respond and order sanctions up to and including dismissal of Plaintiff's complaint.

Plaintiff did not respond to Defendant's motion to extend the discovery period or to its motion to compel discovery and impose sanctions. Instead, Plaintiff filed a motion for the district court

to reconsider its denial of his motion for summary judgment. In support of the motion to reconsider, Plaintiff essentially restated the claims asserted in his complaint. After restating his claims, Plaintiff briefly addressed the discovery issues, arguing as he had in past filings that the scope of the discovery requested by Defendant was unreasonable and that Delta was only entitled to medical records one year prior to the December 2020 incident.[2]

The district court denied Plaintiff's motion for reconsideration, noting that reconsideration was only warranted when there was an intervening change in the law, new evidence, or the need to correct a clear error. According to the court, none of those conditions were met here. The court then granted Defendant's motion to compel and for sanctions. As a sanction, the court dismissed Plaintiff's complaint on the ground that Plaintiff had "totally refused to cooperate in the discovery process."

Plaintiff appeals the dismissal of his complaint. In his appellate brief, Plaintiff focuses primarily on the merits of the claims asserted in his complaint. For example, Plaintiff describes the frightening nature of a mid-flight engine failure, and he attributes the engine failure that occurred on his December 2020 Delta flight to Defendant's negligence and its COVID-related and financially motivated layoffs. Continuing in this vein, Plaintiff repeats his request for summary judgment, and he attaches a copy of the motion for summary judgment and statement of material facts he filed below.

---

[2] Plaintiff also complained about defense counsel's use of vacation time and suggested without any basis or rationale that Defendant should be sanctioned.

As noted above, the district court did not dismiss Plaintiff's complaint on the merits, but rather on the ground that Plaintiff failed to participate in discovery. Plaintiff's merits arguments are thus irrelevant to this appeal, and we will not address them further.[3]

Briefly addressing the basis for the district court's ruling below, Plaintiff argues in his appellate brief that the court erred when it found he had refused to participate in discovery. In support of that argument, Plaintiff states that he signed a release indicating that three years of medical records could be submitted to Defendant, and he notes that he filed a motion to submit other medical records to the court under seal, which the court denied. Plaintiff cites several exhibits that purportedly support his argument, including his motion to file records under seal and a small collection of records Plaintiff claims were submitted to Defendant.

As discussed further below, we find nothing in the record to support Plaintiff's claim of error. On the contrary, it is apparent from the record that Plaintiff repeatedly and willfully failed to comply with his discovery obligations under Rule 26. Regarding his motion to file records under seal, we agree with the district court that the motion was due to be denied because it was not supported by any facts or legal argument that would have warranted sealing the records. Accordingly, we affirm the district court's order

---

[3] Similarly irrelevant is Plaintiff's discussion about the fact that Delta refused to consent to trial of the case by a magistrate judge. Because this discussion has no bearing on the district court's order dismissing Plaintiff's complaint for failure to cooperate in discovery, we do not address it further.

dismissing Plaintiff's complaint due to his refusal to cooperate in discovery.

## DISCUSSION

### I.    Pending Motions

We note as an initial matter that Plaintiff has on appeal continued his practice of filing motions that are legally and factually groundless and procedurally unauthorized.  For example, shortly after he initiated the appeal, Plaintiff filed a motion to supplement the record on appeal with evidence of his preexisting conditions and their aggravation by the incident during his December 2020 Delta flight.  "We rarely supplement the record to include material that was not before the district court, but we have the equitable power to do so if it is in the interests of justice." *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 n.4 (11th Cir. 2003).  Supplementation is not in the interests of justice here, because the evidence Plaintiff seeks to introduce is irrelevant to our review of the district court's order dismissing Plaintiff's complaint.  Again, that order was not based on Plaintiff's medical condition but rather on Plaintiff's refusal to cooperate in the discovery process.  Accordingly, we **DENY** Plaintiff's motion to supplement the record.

Plaintiff also has filed a motion for "enforcement of summary judgment" and a separate motion for summary judgment asking the Court to grant final judgment in his favor.  It is unclear whether Plaintiff is making a new request for summary judgment or is arguing that his summary judgment motion in the district court should have been granted.  Either way, his motions for

summary judgment must be denied.  Like the similar motion Plaintiff filed below, the motions he has filed on appeal seeking summary judgment are not supported by any legal argument or facts suggesting summary judgment is warranted.  Contrary to Plaintiff's assertion in his motions, he received no final judgment from the district court, and this Court does not consider new motions for summary judgment on appeal.  Accordingly, we **DENY** Plaintiff's motion for summary judgment.

Finally, we **DENY** Plaintiff's motion for a writ of garnishment and his motion for a writ of execution because there is no basis for those motions and likewise no final judgment in Plaintiff's favor as he argues on appeal.  To the extent Plaintiff intended to assert a motion in the "notice" he filed with the Court seeking a $1 million award of damages against Defendant, we also **DENY** any such motion because it is not supported by the facts or law cited therein.

In response to Plaintiff's motion to supplement the record on appeal, Defendant filed a motion for sanctions against Plaintiff. We agree with Defendant that Plaintiff's motions described above lack any factual or legal basis.  Nevertheless, given Plaintiff's *pro se* status, we decline to impose sanctions against him at this time and thus **DENY** Defendant's motion.  *See Woods v. IRS*, 3 F.3d 403, 404 (11th Cir. 1993) (declining to impose sanctions on a *pro se* plaintiff although his appeal clearly was frivolous).

## II.    Dismissal for Failure to Participate in Discovery

### A.    Standard of Review

The district court dismissed Plaintiff's complaint pursuant to Federal Rule 37(b), which authorizes a court to issue "just orders" in response to a party's failure to provide or permit discovery, up to and including an order "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A). We review such an order for an abuse of discretion. *See Consumer Fin. Protection Bureau v. Brown*, 69 F.4th 1321, 1329 (11th Cir. 2023). A district court has broad authority to impose Rule 37 sanctions, including dismissal in an appropriate case. *See id.* The court's "wide discretion" in this area is warranted because the decision as to whether a party's actions in a case merit sanctions "is heavily dependent on the court's firsthand knowledge, experience, and observation." *Id.* (quotation marks omitted). Nevertheless, the court abuses its discretion if it "applies an incorrect legal standard, fails to follow the appropriate procedures when making the relevant determination, or makes findings of fact that are clearly erroneous." *Id.*

As a *pro se* litigant, Plaintiff's pleadings "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, this leniency does not give a court "license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th

Cir. 1998) (citations omitted), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### B.    Analysis

Again, Federal Rule 37 authorizes the district court to impose sanctions up to and including the dismissal of an action if a party "fails . . . to provide or permit discovery." Fed. R. Civ. P. 37(b). Dismissal "is considered a sanction of last resort, applicable only in extreme circumstances." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). It is not justified by discovery violations "caused by simple negligence, misunderstanding, or inability to comply[.]" *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993). Nevertheless, "dismissal may be appropriate when a plaintiff's recalcitrance is due to willfulness [or] bad faith[.]" *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993). *See also Consumer Fin. Prot. Bureau*, 69 F.4th at 1332 (affirming the district court's dismissal of a party's claims under Rule 37(b) where the party was "determined to avoid [Rule] 30(b)(6) depositions"). Moreover, if a party shows "a flagrant disregard for the court and the discovery process," dismissal is not an abuse of discretion. *Aztec Steel Co. v. Florida Steel Corp.*, 691 F.2d 480, 481 (11th Cir. 1982). A *pro se* litigant who ignores his discovery obligations is subject to sanctions like any other litigant. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

The district court did not abuse its discretion when it dismissed Plaintiff's complaint here, given Plaintiff's complete refusal to participate or cooperate in the discovery process. As discussed,

Plaintiff agreed in the joint preliminary report to provide discovery on several topics, including the facts surrounding his claims, his alleged injuries, and his preexisting conditions, and he further agreed that such discovery would include his deposition. Nevertheless, when served with interrogatories and document requests related to these topics, Plaintiff failed to respond and unilaterally decided no response was required beyond providing a few records from three of his medical providers. He also refused to provide dates for his deposition despite several requests by Defendant.

Indeed, instead of responding to Defendant's legitimate discovery requests or at the very least providing a date when he could be deposed, Plaintiff repeatedly submitted filings to the court objecting to his need to participate in discovery and requesting summary judgment on his claims. Plaintiff's submissions provided no rationale for objecting to the discovery that he had previously agreed to provide in the joint preliminary report and that is required by Federal Rule 26 and standard in civil litigation. As for Plaintiff's summary judgment motions, they failed to assert any ground upon which summary judgment could conceivably be granted.

When Defendant advised Plaintiff by letter that his discovery responses were overdue and gave him ten days to respond, Plaintiff simply ignored the letter. Plaintiff likewise failed to respond to Defendant's motion to compel and for sanctions that resulted in the dismissal of his complaint. Instead, Plaintiff again submitted a baseless motion—this time, for reconsideration of the

court's denial of his summary judgment motion—that was irrelevant to the issue at hand. Under the circumstances, the district court did not abuse its discretion when it determined that Plaintiff's recalcitrant refusal to comply with his discovery obligations demonstrated willfulness and bad faith rather than negligence or inability to comply, and that dismissal of his complaint under Rule 37 was thus warranted. *See Aztec Steel Co.*, 691 F.2d at 481.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's order dismissing this action under Federal Rule 37(b) due to Plaintiff's failure to participate or cooperate in discovery. We **DENY** all the Plaintiff's motions filed in this court, including his motion to supplement the record on appeal, motions for a writ of execution and a writ of garnishment, motion for enforcement of summary judgment and for final judgment, and motion for summary judgment. We also **DENY** Defendant's motion for sanctions.