[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-13166

Non-Argument Calendar

_____

KIM HARTIGAN,

Plaintiff-Appellant,

*versus*

HERNANDO COUNTY,
a political subdivision of the State of Florida,
HERNANDO COUNTY PROPERTY APPRAISER OFFICE,
a municipal corporation, an agency of Hernando County,
HERNANDO COUNTY TAX COLLECTOR OFFICE,
a municipal corporation, an agency of Hernando County,
JOHN C. EMERSON,
In his Official and Individual capacity,
SALLY L. DANIEL,

2                     Opinion of the Court                24-13166

In her Official and Individual capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:23-cv-01780-SDM-UAM

_____

Before ROSENBAUM, ABUDU, and TJOFLAT, Circuit Judges.

PER CURIAM:

Kim Hartigan, proceeding pro se, filed suit in federal district court against Hernando County, Florida; the County Property Appraiser and Tax Collector Offices; John Emerson, the County's Property Appraiser; and Sally Daniel, the Tax Collector. Hartigan's operative complaint—her second amended complaint—alleged violations of 42 U.S.C. §§ 1983, 1985, and 1982, and cited criminal statutes 18 U.S.C. §§ 241 and 242. She claimed the County lacked authority to assess property taxes on her residence, which she contended was not "real property" under Florida law and not subject to ad valorem taxation. The District Court dismissed the complaint with prejudice. Hartigan now appeals. And in response to the appeal, Hernando County, the Tax Collector Office, and Daniel move for sanctions under Federal Rule of Appellate Procedure 38.

## I.    Background

Hartigan owns a home in Spring Hill, Florida. She alleges that Emerson and Daniel—acting individually and in their official capacities—unlawfully assessed and collected ad valorem taxes on her property. She claims the property was immune from taxation because she had not filed a return, did not use the property commercially, and did not qualify as a "taxpayer" under Florida law. She further alleges that the defendants conspired to deprive her of her constitutional rights by enforcing Florida's property tax regime, and she demands injunctive relief and empanelment of a grand jury.

After dismissing an earlier version of the complaint as a shotgun pleading, the District Court dismissed the operative complaint for failure to state a claim. The Court concluded that Hartigan, as a private citizen, could not bring claims under 18 U.S.C. §§ 241 or 242; that she had no plausible claim under §§ 1982 or 1985; and that the tax assessments were lawful under the Florida Constitution. The Court remarked that Hartigan's filings resembled those of self-styled "sovereign citizens," citing the "out-of-context passages from court decisions, inapplicable and misapplied statutes and regulations, and other superfluous recitations." In a footnote, the Court also acknowledged that the suit was barred by the Tax Injunction Act, 28 U.S.C. § 1341, and dismissed the action with prejudice. Hartigan's subsequent motion for reconsideration was denied. She timely appeals.

## II.    Discussion

Federal courts are courts of limited jurisdiction, and the "first and fundamental question" on appeal is whether jurisdiction exists. *United States v. Amodeo*, 916 F.3d 967, 970–71 (11th Cir. 2019) (citations and internal quotation marks omitted). The Tax Injunction Act provides that federal district courts "shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The bar applies if (1) the plaintiff's requested relief would interfere with a state tax, and (2) the state provides an adequate forum to litigate constitutional objections. *Williams v. City of Dothan*, 745 F.2d 1406, 1411 (11th Cir. 1984).

Hartigan's claims satisfy both conditions. The complaint seeks to invalidate the County's tax assessments and prevent future collections. Her assertion that she is not a "taxpayer" under Florida law is immaterial—Florida courts are fully competent to adjudicate her arguments. *See* Fla. Stat. §§ 192.0105, 194.171(1); *Turner v. Jordan*, 117 F.4th 1289, 1305 (11th Cir. 2024). She has not shown—and does not seriously argue—that Florida lacks a plain, speedy, and efficient remedy.

The District Court therefore lacked subject-matter jurisdiction under the Tax Injunction Act. And because "[d]ismissals for a lack of jurisdiction are not judgments on the merits," the dismissal should have been without prejudice. *Dupree v. Owens*, 92 F.4th 999,

24-13166            Opinion of the Court            5

1007 (11th Cir. 2024), *cert. denied*, 145 S. Ct. 225 (2024) (citation omitted).

### III.    Sanctions

Rule 38 authorizes us to impose sanctions if an appeal is frivolous. *See* Fed. R. App. P. 38. A claim is frivolous if it is "utterly devoid of merit." *Bonfiglio v. Nugent*, 986 F.2d 1391, 1393–94 (11th Cir. 1993). Although we have imposed sanctions against pro se litigants in extreme cases, *see United States v. Morse*, 532 F.3d 1130, 1132–33 (11th Cir. 2008), we generally decline to do so absent a history of frivolous litigation or an explicit warning, *see, e.g., Woods v. I.R.S.*, 3 F.3d 403, 404 (11th Cir. 1993).

Hartigan has no history of similar litigation, and the District Court did not clearly warn her that her claims were sanctionable. Though her arguments border on frivolity and rely on discredited legal theories, we exercise our discretion to deny the motion for sanctions.

### IV.    Conclusion

The District Court's order is **VACATED** and **REMANDED** with instructions to dismiss the complaint without prejudice. The motion to impose sanctions against Hartigan is **DENIED**.