[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11059

Non-Argument Calendar

_____

GLORIA J. JOHNSON,
GEORGE H. JOHNSON, III,

 Plaintiffs-Appellants,

*versus*

REDSTONE FEDERAL CREDIT UNION,
DANNY ADCOCK,
HEATH EMERSON,

 Defendants-Appellees.

_____

2                    Opinion of the Court                24-11059

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 5:22-cv-01504-MHH

_____

Before NEWSOM, LAGOA, and WILSON, Circuit Judges.

PER CURIAM:

Gloria Johnson and George Johnson, proceeding pro se, appeal the district court's decision—after having earlier imposed a filing injunction—to deny their motion for permission to file a new lawsuit or to file an amended complaint.[1]

While a party may amend its complaint as a matter of course once within 21 days, he must seek his opponent's consent or the court's leave to amend once that period has passed. Fed. R. Civ. P. 15(a)(1), (2). The court should permit amendment "when justice so requires," *id.* 15(a)(2), but it "may properly deny leave to amend . . . when such amendment would be futile," *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004). A proposed

_____

[1] We review for an abuse of discretion the district court's decision to impose a filing injunction. *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008). The same standard also generally governs our review of decisions to deny a motion to amend a complaint—though we review de novo orders that (as here) deny leave to amend on the grounds of futility, because those orders rest on a legal conclusion. *Marrache v. Bacardi U.S.A., Inc.*, 17 F.4th 1084, 1092 (11th Cir. 2021).

24-11059          Opinion of the Court          3

amendment is futile if the amended complaint would still be subject to dismissal.  *Id.*

The doctrine of res judicata bars claims in a subsequent case that were or could have been raised in a prior proceeding when: (1) there was a final judgment on the merits; (2) a court of competent jurisdiction rendered the judgment; (3) both suits involve identical parties; and (4) both suits involve the same cause of action. *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1356 (11th Cir. 1998).  With respect to the fourth element, cases generally "involve the same cause of action . . . if the present case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action." *Isr. Disc. Bank Ltd. v. Entin*, 951 F.2d 311, 315 (11th Cir. 1992) (citation and quotation marks omitted). "In determining whether the causes of action are the same, a court must compare the substance of the actions, not their form." *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1297 (11th Cir. 2001) (citation and quotation marks omitted).  Res judicata "acts as a bar not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact." *Pleming*, 142 F.3d at 1356 (citation and quotation marks omitted).

As an initial matter, the district court here did not abuse its discretion in imposing a filing injunction.  "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069,

1073 (11th Cir. 1986).  In particular, "[t]he court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others."  *Id.* at 1074.  To that end, the court may seriously restrict a litigant's filings, though it cannot foreclose a litigant from all access to the courts.  *Id.*

Here, the district court emphasized that it had already "invested substantial resources in resolving the Johnsons' claims in [the present] action and in the 2014 action."  Mem. Op. 7, Doc. 27.  Recognizing that "the Johnsons' decade-long pursuit of relief from the revived judgment lien indicate[d] that they may file another action against [the same] defendants," the district court "instruct[ed] the Johnsons that if they wish[ed] to file another lawsuit in the Northern District of Alabama, they first must file . . . a motion for permission to file a new lawsuit."  *Id.*  The district court's filing injunction did not completely foreclose the Johnsons from filing new actions, so long as the court first gave its permission.  Nor did it foreclose the Johnsons from filing a notice of appeal and thus accessing the courts on the appellate level.  The district court thus did not abuse its discretion in imposing its filing injunction.  *See Procup*, 792 F.2d at 1074.

Nor did the district court abuse its discretion when it denied the Johnsons' motion for permission to file a new lawsuit or to file an amended complaint.  The district court correctly determined that the Johnsons' proposed new complaint would be futile.  The Johnsons fail to explain how their proposed new complaint, which raises no new factual allegations, could overcome res judicata.

24-11059                 Opinion of the Court                 5

Instead, the Johnsons argue that the same facts give rise to a new cause of action—a RICO claim. But, again, "[r]es judicata acts as a bar not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact." *Pleming*, 142 F.3d at 1356 (citation and quotation marks omitted). Moreover, the record contradicts the Johnsons' assertion that they have never brought a RICO claim against Redstone. The Johnsons' 2022 complaint may not have labeled their federal claim against Redstone as a RICO claim, but the district court properly treated it as one when it dismissed it. Finally, although the Johnsons first raised RICO claims against Adcock and Emerson in their motion for permission to file a new lawsuit, those claims would also be futile because they arise out of the same nucleus of operative fact as the former action—namely, Adcock's and Emerson's 2013 purchase of Redstone's revived judgment lien and their subsequent filing of a writ of execution to obtain relief. *See Isr. Disc. Bank Ltd.*, 951 F.2d at 315.

For the foregoing reasons, we **AFFIRM** the district court's decision to deny the Johnsons' motion for permission to file a new lawsuit or to file an amended complaint.[2]

---

[2] Appellees Adcock and Emerson filed motions for sanctions and attorney's fees under Federal Rule of Appellate Procedure 38. Such motions "must be filed no later than the filing of appellee's brief." 11th Cir. R. 38-1. The appellees filed both motions more than two weeks after they filed their response brief. Given their untimeliness and the fact that the Johnsons are pro se appellants, *see Woods v. IRS*, 3 F.3d 403, 404 (11th Cir. 1993), we **DENY** the appellees' motions for sanctions and attorney's fees.

6                              Opinion of the Court                        24-11059

**AFFIRMED.**